EARNEST *v.* ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILWAY

COMPANY.

Opinion delivered June 29, 1908.

1. DEATH—RIGHT OF ACTION AT COMMON LAW.—By the common law the death of a human being could not be made the subject of a civil action. (Page 68.)

2. STATUTORY CAUSE OF ACTION—LIMITATION—EXTRATERRITORIAL EFFECT. —Where a statutory right of action is given which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right of action, and will control, no matter in what forum the action is brought. (Page 69.)

3. LIMITATION OF ACTIONS—DEMURRER.—Though, as a rule, the statute of limitations cannot be taken advantage of by demurrer to the complaint in an action at law unless the complaint shows that a sufficient time had elapsed to bar the action and the nonexistence of any ground of avoidance, yet a complaint based upon a statute of another State authorizing an action for the death of a human being to be brought within one year after the cause of action arose is demurrable if it shows that the action was not brought within the year, as the time fixed by the statute is not strictly a statute of limitations, but attaches as a condition to the right to sue. (Page 70.)

Appeal from Randolph Circuit Court; *J. W. Meeks,* Judge; affirmed.

*Whipple & Whipple,* for appellant.

Limitations are governed by the law of the forum. 158 U. S. 285; 13 Pet. 312; 155 U. S. 618; 88 Fed. 610; 94 *Id.* 471; 162 U. S. 329; 147 U. S. 647; 153 *Id.* 671; 154 *Id.* 177; 89 Fed. 473; 96 *Id.* 397; 18 Ark. 384; 21 *Id.* 287. The common law has fixed its own doctrine that limitation prescribed by the *lex fori,*

87—3

in respect to remedies, must prevail in cases of personal actions. Angell on Lim., § 66; 7 Mo. 241; 10 Barn. & Cress. 903; 1 Barn. & Ad. 281; 2 Mees. & Wels. 722. The limitation in Arkansas applies in a common law action against a sheriff for a tort committeed in another State, where plaintiff resided in Arkansas since the commencement of the suit. 68 Ark. 189; 18 *Id.* 384; Cooley on Torts, 479. The Missouri statute under consideration is a remedial one. 168 U. S. 445; 146 *Id.* 670; 145 *Id.* 145.

*W. F. Evans* and *W. J. Orr,* for appellee.

The provisions of the Missouri statute under consideration are conditions attached to the right itself and not limitations. 36 Mo. 128; 76 *Id.* 329; 81 *Id.* 169; 91 *Id.* 86; 103 Mo. App. 477; 181 Mo. 421. This condition follows into a foreign State. Tiff. on Death by Wrongful Act. As the source of the obligation is the foreign law, the defendant is entitled to the benefit of whatever conditions the foreign law creates. 194 U. S. 120; 53 Ark. 117; 18 Pac. 57; 51 Fed. 188; 8 Fed. 849; 64 *Id.* 83; 119 U. S. 199; 2 U. S. App. 222; 2 C. C. A. 163; 51 Fed. 188; 44 Md. 563; 25 O. St. 629; 83 Ga. 621; 10 S. E. 268. The action must be brought within the time prescribed. 49 Ga. 106; 57 N. Y. S. 485. Busw. on Lim., § 351.

Hart, J. On the 31st day of October, 1902, David A. Earnest was a conductor on appellee's line of railway, which extends from Cape Girardeau in Missouri to Pocahontas in Arkansas. On that day at the town of Delta in Missouri, while engaged in his duties as freight conductor and while attempting to uncouple two cars of defendant's train, said David A. Earnest was caught between the cars and mashed. He died from the wounds received in a few days thereafter.

Appellant alleges that the injury and death was caused by the negligence of the appellee. That she is the widow of said David A. Earnest, deceased. That said deceased had no minor children. That she has resided in the State of Arkansas since the death of her husband, and was never a resident of the State of Missouri.

The action was commenced in the circuit court of Randolph County, Arkansas, on the 16th day of July, 1904.

Appellee filed a general demurrer to the complaint. The demurrer was sustained, and judgment was rendered in favor of

the defendant for costs.   An appeal was granted to this court.

This suit is based on section 2864 of the Revised Statutes of Missouri in 1899, which reads as follows:

"Whenever any person shall die from any injury resulting from or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant, or employee whilst running, conducting or managing any locomotive, car or train of cars, or of any master, pilot, engineer, agent or employee whilst running, conducting or managing any steamboat, or any of the machinery thereof, or of any driver of any stagecoach or other public conveyance whilst in charge of the same as a driver; and when any passenger shall die from any injury resulting from or occasioned by any defect or insufficiency in any railroad, or any part thereof, or in any locomotive or car, or in any steamboat or the machinery thereof, or in any stage coach or other public conveyance, the corporation, individual or individuals in whose employ any such officer, agent, servant, employee, master, pilot, engineer or driver shall be at the time such injury is committed, or who owns any such railroad, locomotive, car, stage coach or other public conveyance at the time any injury is received resulting from or occasioned by any defect or insufficiency, unskillfulness, negligence or criminal intent above declared, shall forfeit and pay for every person or passenger so dying the sum of five thousand dollars, which may be sued for and recovered:   First, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, whether such minor child or children of the deceased be the natural born or adopted child or children of the deceased; provided that if adopted such minor child or children shall have been duly adopted according to the laws of adoption of the State where the person executing the deed of adoption resided at the time of such adoption; or, third, if such deceased be a minor and unmarried, whether such deceased unmarried minor be a natural born or adopted child, if such deceased unmarried minor shall have been duly adopted according to the laws of adoption of the State where the person executing the deed of adoption resided at the time of such adoption, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judg-

ment; or if either of them be dead then by the survivor. In suits instituted under this section it shall be competent for the defendant, for his defense, to show that the defect or insufficiency named in this section was not of a negligent defect or insufficiency, and that the injury received was not the result of unskillfulness, negligence or criminal intent."

Section 6 of the act of December 12th, 1855, now section 2868 of the Revised Statutes of 1899, reads as follows:

"Every action instituted by virtue of the preceding sections of this chapter shall be commenced within one year after the cause of action shall occur."

The first question presented by the record is whether this statute of Missouri creates a statutory liability?

At common law a right of action existed for an injury to the person, which did not result in death, but no right of action existed for the death of a human being. Counsel for appellant seems to have been confused in regard to the two classes of cases.

In *Barker* v. *Hannibal & St. Joseph Railroad Co.*, 91 Mo. 91, the Supreme Court of the State of Missouri said in discussing this statute: "It may be observed that damages for the tort to a person, resulting in death, were not recoverable at common law, nor could husband or wife, parent or child, recover any pecuniary compensation therefor against the wrongdoer. Our statute on this subject both gives the right of action, and provides the remedy for the death, where none existed at common law; and where an action is brought under the statute, it can only be maintained subject to the limitation and conditions imposed thereby." .

This case was cited and followed in *Brink* v. *Wabash Ry. Co.*, 160 Mo. 92, and the following quotation adopted from the case of *Insurance Company* v. *Brame*, 95 U. S. 754:

"The authorities are so numerous and so uniform to the proposition that by the common law no civil action lies for an injury which results in death, that it is impossible to speak of it as a proposition open to question. It has been decided in many cases in the English courts and in many of the State courts, and no deliberate, well-considered decision to the contrary is to be found."

In the case of *Little Rock & F. S. Ry. Co.* v. *Barker,* 33 Ark. 353, this court said: "By the common law the death of a human being could not be made the subject of a civil action." And in *Davis* v. *Railway,* 53 Ark. 117, this court said:

"The English rule, which is commonly followed by the courts of the States whose statutes embody the provisions of Lord Campbell's Act, is that the rights of action given by the latter statutes to the personal representative of one whose death has been caused by another is created by the statute, and is not a continuation of the right of action which the deceased had in his lifetime, although the new right, it has been ruled, arises only by preserving the cause of action which was in the deceased."

The Supreme and Appellate courts of Missouri hold that the provisions of the Missouri statute above quoted as to the parties who may sue, and the time within which they may sue, are conditions attached to the right itself given by the statute and not limitations merely. *Barker* v. *Hannibal & St. Joseph Rd. Co.,* 91 Mo. 86; *Case* v. *Cordell Zinc & Lead Min. Co.,* 103 Mo. App. 477; *Packard* v. *Hannibal & St. Joseph Rd. Co.,* 181 Mo. 421.

The general rule is that where a cause of action does not exist at common law, but is created by the statutes of a State, it only exists in the manner and form and for the length of time prescribed by the statutes of the State which created it. *Finnell* v. *Southern Kan. Ry. Co.,* 33 Fed. 427.

The rule has been announced and approved in the following cases: *Munos* v. *Railroad,* 51 Fed. 188; *Theroux* v. *Northern Pac. Ry. Co.,* 64 Fed. 84; *Pittsburg, etc., Railway Co.* v. *Hine,* 25 Ohio St. 629; *Eastwood* v. *Kennedy,* 44 Md. 563; *Negaubauer* v. *Gt. Northern Ry. Co.,* 99 N. W. 620; *Dennis* v. *Atlantic Coast Line Rd.,* 49 S. E. (S. C.), 869; *Stern* v. *La Compagnie Generale Transatlantique,* 110 Fed. 996; *Boston & Maine Rd.* v. *Hurd,* 108 Fed. 116.

In the case of *The Harrisburg,* 119 U. S. 199, in discussing a like statute, the court said: "The time within which the suit must be brought operates as a limitation of the liability itself, as created, and not of the remedy alone. It is a condition to sue at all."

In *Hamilton* v. *Hannibal & S. J. R. Co.,* 18 Pac. 57, the Supreme Court of Kansas, in passing upon the precise question presented here, said:

"The statute of Missouri provides who may bring an action and the time and conditions within which it must be instituted, and compliance with these requirements is essential to the maintenance of the action. If the injury was not actionable in Missouri where it was inflicted, certainly it is not actionable here; and, unless it appears from the record that the widow could maintain an action in that State, she has no cause of action which she can assert in this jurisdiction."

Therefore we conclude that it is now well settled that where a statutory right of action is given which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right of action and will control, no matter in what forum the action is brought.

As a rule, the statute of limitation cannot be taken advanatge of by demurrer to the complaint, in an action at law, unless the complaint shows that a sufficient time had elapsed to bar the action and the non-existence of any ground of avoidance. *Dowell v. Tucker,* 46 Ark. 438.

But counsel for appellant has not raised this question, and besides we have held that the time fixed by the statute is not strictly a statute of limitation, but attaches as a condition to the right to sue.

The demurrer in this case was properly sustained, and the judgment is affirmed