. McGINNIS v. LESS.

Opinion delivered January 31, 1921.

1. DEEDS—INSTRUMENT CONSTRUED TO BE CONVEYANCE.—An instrument conveying land to the grantee to have and to hold to the grantee, his heirs and assigns, the grantor reserving a lien for the prompt payment of the purchase-money notes, *held* a deed and not an executory contract to sell and convey.

2. VENDOR AND PURCHASER — VENDOR IN POSSESSION.—Where a grantor of land took possession to collect rents in accordance with a stipulation in his deed, he was in the attitude of a mortgagee or lienor in possession, and he and his successors were subject to accounting in equity to the holders of the legal title.

3. ADVERSE POSSESSION—VENDOR IN POSSESSION.—Where a vendor of land takes possession to enforce his lien, in order to set the statute of limitations running by adverse possession, there must be either express notice to the owners or acts of such notorious hostility as to put the owners on notice.

4. EQUITY—ACCOUNTING—LACHES.—The mere lapse of time does not justify the application of the doctrine of laches to deny to the owners of the legal title their right to call for an accounting and to recover possession from the grantor in possession under stipulations in his deed for the purpose of enforcing his lien for the purchase money.

5. EQUITY—LACHES—SUFFICIENCY OF DEMURRER.—Either laches or the statute of limitations may be raised by demurrer in a suit in chancery where the allegations of the complaint are sufficient to show the existence of those defenses.

Appeal from Lawrence Chancery Court, Eastern District; *Lyman F. Reeder,* Judge; reversed.

*Smith & Gibson,* for appellants.

1. The demurrer should have been overruled and the cause submitted on the question of an accounting by the Less heirs to plaintiffs for the rents collected by their ancestor and same applied to the satisfaction of the vendor notes, because (1) the adverse possession, if same is adverse, commenced when Less took possession; the plaintiffs were all minors, and laches could not bar their rights; (2) being a homestead and no abandonment by the widow, limitation did not run; (3) possession being taken by the holder of the vendor lien notes, laches or

limitation did not take place until the debt was paid and not until the vendor brought home to the minor plaintiffs or heirs that he was holding adversely; (4) the ancestor of defendants and Gussie Less, the grantor reserved the option in the deed (a) to take possession and apply the rents to the payment of the notes and a crop lien to go to the assignee of the notes; (b) to have the land sold and notes paid as shown by the reservation in the deed. Appellants are not barred by laches or limitation. 33 Ark. 490.

The title of plaintiffs became fixed at the time of their grandfather's death, and minors can not be ousted by adverse possession unless the possession extended beyond the period prescribed by statute. The lands were the widow's homestead, and title adverse to the heirs did not begin to run until the widow's death. See 34 Ark. 346; 16 *Id.* 122. As to homestead, see 126 Ark. 1; Kirby's Digest, § 510; 126 Ark. 180; 13 *Id.* 541; 94 *Id.* 51.

The lien reserved is not a technical vendor's lien, but a security in the nature of an equitable mortgage. All persons dealing with it take the land subject to it. 39 Cyc. 1793; 37 Ark. 511.

2. The statute of limitations can only begin after the relation of mortgagor and mortgagee terminates in some one of the modes known to the law. The homestead estate of Ellen McGinnis did not expire until her death and the right of the heirs to possession did not commence until her death. 128 Ark. 344.

3. A vendor's lien is treated as a mortgage, and a mortgagee in possession after payment of the debt shows that he holds adversely. 106 Ark. 79; 1 Am. & Eng. Enc. (2 ed.) 817, 819, note 2.

The rents of the land went to Ellen McGinnis, subject to the right of the vendor to take same and apply them on his debt. Having done so, these plaintiffs, being also the heirs of Ellen McGinnis, are entitled to have applied to the payment of the debt, interest and taxes and repairs necessary, and adverse possession

would not run until the debt, taxes, interest and repairs were paid. 34 Ark. 346; 71 *Id.* 484. The demurrer should have been overruled, and an accounting had for the rents collected by the ancestor applied to the vendor notes, because adverse possession commenced when Less took possession and all the plaintiffs were minors and not barred by laches nor limitation.

*A. S. Irby,* for appeellees.

1. The widow's homestead right was only for life and ended on her death.

2. Granting that the grandchildren were minors when their grandfather died, this does not give them the right to join the widow, their grandmother, in a suit for possession of the homestead. No provision in our Constitution whereby grandchildren could share a homestead with the widow. 104 Ark. 316. The mothers of appellants were not seized of an estate of inheritance in the homestead, and appellants have no rights they could assert. Appellants failed then to state a cause of action.

3. Appellants are barred by limitation and laches. 103 Ark. 191; 113 *Id.* 433.

4. The demurrer was properly sustained because (1) if the widow had any homestead rights she abandoned them; (2) the grandchildren were never seized of an estate of inheritance and no right to join the widow in a suit for possession of the homestead; (3) they are barred.

McCulloch, C. J. Appellant, Ellen McGinnis, is the widow of T. J. McGinnis, who departed this life intestate in the year 1898, and the other appellants are grandchildren and heirs at law of said T. J. McGinnis. On April 16, 1898, Isaac Less sold and conveyed to T. J. McGinnis a tract of land containing 160 acres in Lawrence County, for the price of $2,500, evidenced by ten promissory notes due and payable annually for ten years after that date. with interest at the rate of ten per cent. per annum. The deed contained the following clause:

"To have and to hold the same unto the said T. J. McGinnis and unto his heirs and assigns forever against all lawful claims of all persons, and the grantor herein reserves to herself a lien upon said land for the prompt payment of said notes, and she reserves a further lien to herself upon all crops that may be raised upon said lands for the further security of said notes, for the payment of any note that may become due during the year that said crop may be raised, and it is further understood that if said grantee does not pay the principal during the crop season when same becomes due, the amount so paid shall be considered as rent upon said described premises and the remaining notes to become due and the vendor's lien herein retained shall be enforced by said grantor at her option, as well as the enforcement of her lien upon the said crop; the lien herein reserved upon said crop and land herein shall follow the title to any note that may be assigned, and the crop lien shall go to the assignee of the note, and the year that said note may become due and crop raised."

Isaac Less died on January 29, 1916, and appellants instituted this action in the chancery court of Lawrence County against appellees, who are the heirs at law of Isaac Less, alleging that T. J. McGinnis took possession of the lands purchased aforesaid and occupied the same as his homestead up to the time of his death; that after the death of T. J. McGinnis the said Isaac Less took possession of said lands under the aforesaid clause of the deed and collected the rents up to the time of his death, and that his said heirs (appellees) have collected said rents since that time. The prayer of the complaint is for an accounting of the rents and profits of the land, and that the notes given by McGinnis to Isaac Less for the purchase price of said land be canceled. Appellees filed a demurrer on the ground that the complaint failed to state facts sufficient to constitute a cause of action; that the complaint shows on its face that appellants are barred by their own laches and that they are barred by

the statute of limitations. The court sustained the demurrer, and, appellants declining to plead further, the complaint was dismissed.

The action is one treating the appellees and their ancestor as mortgagees in possession, and asking for an accounting. Appellees are in error in assuming that this is an action to compel specific performance of an executory contract. The writing set forth in the complaint as the basis of the title of appellants is a deed of conveyance, and not an executory contract to sell and convey. The title passed to T. J. McGinnis and descended to his heirs at law, subject to the widow's homestead and dower rights. When the grantor took possession for the purpose of collecting rents in accordance with the stipulation in the deed, he was in the attitude of a mortgagee or lienor in possession. Though Isaac Less as a lienor was not a mortgagee in a strict legal sense, his attitude clothed him with all the rights and obligations of a mortgagee in possession. He and his successors were subject to an accounting to the holders of the legal title, and a court of equity was the proper forum to afford that remedy. Such an occupancy is deemed to be in subordination to the rights of the mortgagor or the holder of the legal title where, as in this case, there has been a deed of conveyance. And in order to put the statute of limitations in motion against such owners there must be notice of the change in the relationship and the hostility of the occupancy by the mortgagees who are in possession. Either this or acts of such notorious hostility as to put the owners on notice. Nor does the mere lapse of time justify the application of the doctrine of laches in denial of the rights of the owners to call for an accounting and to recover possession. There must be some other intervening equity to call for the application of this doctrine. Now there is nothing on the face of the complaint to show that there was an adverse occupancy of the land by the appellees or their ancestor for more than the statutory period. Nor does

the complaint show on its face sufficient facts to call for the application of the doctrine of laches. Either laches or the statute of limitations may be raised by demurrer in a suit in chancery where the allegations of the complaint are sufficient to show the existence of those defenses. In such an action these defenses go to the equity of the complaint and may therefore be raised by demurrer.

We are of the opinion, however, as before stated, that the facts stated in the complaint do not show that appellants are barred by laches or by the statute of limitations and that, if either of those defenses exist, they must be pleaded in the answer by the allegation of facts which call them into operation. The decree is therefore reversed and the cause remanded with directions to overrule the demurrer.