TIPLER v. CRAFTON.

4-6306

150 S. W. 2d 625

Opinion delivered April 28, 1941.

352

 

*Fred M. Belk* and *W. Leon Smith,* for appellant.

*Reid & Evrard,* for appellee.

GRIFFIN SMITH, C. J. The issue is whether, within the period of limitation, an amended complaint when considered with the original, stated a cause of action. The trial court held that it did not.

The suit was brought by Jesse Tipler as administrator of the estate of Frank Tipler. It was alleged that a truck operated by a servant of James and Rupert Crafton[1] was negligently parked on Highway No. 61 near Hayti, in the state of Missouri, in consequence of which an automobile driven by Walker Crawford struck the back end of the truck and fatally injured Frank Tipler, who was with Crawford.

It is conceded appellants' rights are created by and subject to restrictions of Missouri laws. Revised Statutes of Missouri, 1939, §§ 3652, 3653, and 3654.[2] The applicable statute in the instant case is § 3652.

The civil penalty or forfeiture for negligence resulting in death is fixed by § 3652 at not less than $2,000 nor more than $10,000, in the discretion of the jury.[3]

Frank Tipler died October 17, 1938.[4] Suit was filed by the administrator May 9, 1939—twenty-two days after

---

[1] The Craftons, as partners, were engaged in the wholesale grocery business in Mississippi county, Arkansas.

[2] These sections are referred to in appellees' brief as 3262, 3263, and 3264, Revised Statutes of Missouri, 1929. [The 1939 Revision was not available at the time the brief was written.]

[3] The right to sue is: First, by the husband or wife of the deceased; or, second, if there be no wife or husband, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, whether such minor child or children of the deceased be the natural born or adopted child of the deceased; . . . or, third, if such deceased be a minor and unmarried, . . . then by the father and mother, who may join in the suit; . . . or, if either of them be dead, then by the survivor; or, fourth, if there be no husband, wife, minor child or minor children, . . . or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent.

[4] The collision occurred October 7, 1938.

six months from the date of death. During the first six months the widow had the exclusive right of action. Thereafter, for six months, the right to sue was in the minor children. The complaint conforms to the Arkansas procedure in causes arising from wrongful death, one of the allegations being:

"At the time of [Tipler's death] he was in good health, of sound body and mind, 52 years of age, and was earning $2,400 a year, all of which he contributed to the support of his wife and family. By reason of the carelessness and negligence of the defendant's . . . servants, . . . the plaintiff is entitled to recover for the benefit of the estate of the deceased and for the benefit of the widow and next of kin of the deceased the sum of $50,000."[5]

June 12, 1939, defendant's motion to dismiss on the ground that the administrator had no cause of action was passed at the request of plaintiff's counsel in order to allow them time to check authorities. A year later (June 13, 1940) the amended complaint was filed.[6] It alleged that the five plaintiffs were the minor children and the next of kin of Frank Tipler.[7]

The trial court thought the amended complaint introduced new plaintiffs, and sustained a motion to dismiss.

Appellant insists that the amendment does not allege a different cause of action or set out new facts; that it "simply made the complaint more definite and certain as

[5] Separate suit, filed in the Chickasawba district of Mississippi county against the Craftons by Walker Crawford resulted in a verdict for the defendants.

[6] Caption of the amended complaint was: "Paralee Tipler, Raymond Tipler, Gladys Tipler, Marsh Tipler, and Dean Tipler, by Jesse Tipler, administrator of the estate of Frank Tipler, deceased, as their next friend."

[7] The amended complaint further alleged: "The cause of action herein was brought for and on behalf of these plaintiffs, but they were inadvertently referred to in the body of the complaint as 'next of kin' instead of setting forth the names and ages of the respective parties; that no other cause of action has been brought by anyone for the death of Frank Tipler. Said cause of action set forth in said complaint is and was at all times herein mentioned for their exclusive benefit, and said action was originally brought for and on their behalf, and their names should, therefore, be set forth in the caption of the complaint and in the body thereof."

to who the beneficiaries were," and alleged in more explicit terms that Jesse Tipler, although administrator of the estate, was bringing the action "in the name of and for the benefit of the minor children." Attention is directed to §§ 1305, 1317, and 1463 of Pope's Digest, wherein it is required that actions must be prosecuted in the name of the real party in interest, except as provided in §§ 1307, 1309, and 1310; and that in furtherance of justice the trial court may permit amendments to pleadings, etc. We are also cited to *Buckley* v. *Collins,* 119 Ark. 231, 177 S. W. 920; *Arkansas Land & Lumber Co.* v. *Davis,* 155 Ark. 541, 244 S. W. 730; *McGraw* v. *Miller,* 184 Ark. 916, 44 S. W. 2d 366, and other cases shown in the footnote.[8]

The difficulty in applying to the case at bar the principles announced in the decisions to which attention is called by appellants is that at the time the administrator sued he had, *prima facie,* a cause of action under the fourth classification of § 3652, Revised Statutes of Missouri, 1939. That right is given when the wife fails to sue within six months, if there are no minor children; subject to other exceptions not applicable here.

Since the administrator may act only "if there be no husband, or wife, minor child or minor children, . . . or if the deceased be an unmarried minor and there be no father or mother," a presumption arose when the administrator (after the wife's cause became barred) sued "for the benefit of the next of kin" that he was acting for those interested, other than as minor children. After six months and within a year appellants were apprised of the status of the law and the pleadings, but they did not, within a year, amend the complaint by

[8] *Missouri-Kansas & Texas Railway Co.* v. *Salley C. Wulf,* 226 U. S. 570, 33 S. Ct. 135, 57 L. ed. 355, Ann. Cas. 1914B, 134; *Lopez* v. *United States,* 82 Fed. 2d 982; *Quaker City Cab Company* v. *Fixter,* 4 Fed. 2d 327; *Michael Uorko* v. *Benjamin W. Rau,* 107 N. J. L. 479, 154 Atl. 766; *Pyle* v. *University City,* (Mo. App., 1926), 279 S. W. 217; *Neubeck* v. *Lynch,* (1911), 37 App. D. C. 576, 37 L. R. A., N. S., 813; *Atlanta, K. & N. R. Co.* v. *Smith,* (1907), 1 Ga. App. 162, 58 S. E. 106; *Cox* v. *San Joaquin Light & P. Co.,* (1917), 33 Cal. App. 522, 166 Pac. 578; *Davis* v. *Preston,* (1924), Tex. Civ. App., 264 S. W. 331 (affirmed in 1929), 118 Tex. 303, 16 S. W. 2d 117, which has certiorari denied in 1930, 280 U. S. 406, 74 L. ed. 514, 50 S. Ct. 171; *Reardon* v. *Balaklala Consol. Copper Co.,* (1912), (C. C.), 193 Fed. 189 (affirmed in 1915); 136 C. C. A. 186, 220 Fed. 584.

alleging the existence of minor children of the decedent, and therefore incapacity of the administrator to sue.

*Baker* v. *The Hannibal & St. Joseph Ry. Co.,* 91 Mo. 86, 14 S. W. 280, is in point. While the statute considered in that case has been changed in some respects, the widow's right to sue was restricted to six months, and the general limitation was one year.

After mentioning that damages for a tort to the person resulting in death were not recoverable at common law, nor could husband or wife, parent or child, recover any pecuniary compensation from the wrongdoer, the statutory remedy was discussed. The court said:

"In the statute which creates the right of action, and in the same section in which the statutory right and remedy is thus conferred upon the husband or wife, it is further provided, by the second subdivision, . . . that if there be no husband or wife, or he or she fails to sue in six months after the death, the right of action thereafter shall be vested in the minor children of the deceased, if there be such. This provision is not, we think, merely a *limitation* or bar to the remedy of the wife, but is a bar to the *right* itself, if there are minor children, and the existence, or non-existence, of such minor children is to be held, we think, as of the *substance* of the right of the wife to sue after the six months have expired."

At page 93 of the opinion it is said: "So in the case now before us, where the action is brought by the widow after the expiration of the six months, her right to maintain the same is conditional and depends on the non-existence of the minor children, a material and necessary fact, we think, and which was not alleged or proved. . . . As in our judgment the fact, if such it is, that there was no minor child, was one material and necessary to be shown, to entitle the plaintiff to recover in this action, which was begun after the six months had expired, and as there was no evidence offered in that behalf, the instruction in the nature of a demurrer to the evi-

dence, asked by the defendant at the close of the evidence, should have been given."

In *Goldschmidt et al.* v. *Pevely Dairy Co. et al.*, 341 Mo. 982, 111 S. W. 2d 1, there is this statement:

"The first and second amended petitions disclose that deceased left minor children, and, this being so, the widow was required to file suit within six months from the date of death of her husband, otherwise the cause of action passed from her and vested in the minor children. Section 3262, R. S. 1929, [and cases cited]. The widow did not sue within six months; therefore, when the first petition was filed by her alone, there was no cause of action in her to state. The first amended petition making the minor children parties plaintiff, along with their mother, the employer, and the insurer, was not filed until . . . a year, two months and nine days after the death of the deceased. Section 3262 provides that, if the wife fails to sue within the six months, then the minor child or children may sue, and § 3266 R. S. 1929, Mo. St. Ann. § 3266, p. 3385, provides that 'every action instituted by virtue of the preceding sections of this article shall be commenced within one year after the cause of action shall accrue' . . . And notwithstanding that the cause of action was in the widow for the six-month period, the minors were required to file suit within one year from date of death of deceased. . . . They did not sue within the year, hence any cause of action in them was barred upon the lapse of the one year.

"But it is contended that the filing of the first amended petition, two months and nine days after the lapse of the one year, relates back 'to the time of the filing of the original petition, and the joining of additional parties plaintiff or the substitution of a new plaintiff is not barred even though they were at the time of the amendment barred by limitations from instituting a new action.' As supporting these contentions plaintiffs call our attention to *Drakopulos* v. *Biddle et al.*, 288 Mo. 424, 231 S. W. 924 [and other cases cited at page 3, S. W. Reporter, vol. 111 S. W. 2d]. There would be merit in the

relating back contention if there had been a cause of action vested in the widow when she, as sole plaintiff, filed the original petition, but when the original petition was filed there was no cause of action in the widow, hence there was nothing to relate back to. There being no cause of action in the widow when the original petition was filed, such petition could not be amended by bringing in the minor children as parties plaintiff, who had no cause of action when the first amended petition was filed, and this because they did not sue within one year from the date of the death of their father. We do not mean to imply that if the first amended petition, in which the minor children were added as plaintiffs, had been filed within the one year that such would have been an amendment to the original petition. Had that situation obtained, what is called the first amended petition could, we think, have been considered as a petition on behalf of the minor children, independent of the widow. To rule in accordance with the relating back theory, under the facts as appear here, would be to nullify § 3263 *et seq.* Mo. St. Ann. § 3362 *et seq.,* p. 3353 *et seq.,* as to what parties may sue under the wrongful death statute and when they must sue, if at all. We are constrained to rule that the second amended petition, under any theory, stated no cause of action in the widow and minor children.''

In *Betz* v. *Kansas City Southern Ry. Co.,* 314 Mo. 390, 284 S. W. 455, at p. 457, the court quoted from *Coover* v. *Moore,* 31 Mo. 574, as follows:

''There being thus no general right of recovery open to all persons representing the estate of the deceased or interested in his life, only such persons can recover in such time and in such manner as is set forth in the statute, and from *Barker* v. *Railroad Company,* 91 Mo. 86, 14 S. W. 280: ''In statutory actions of this sort, the party suing must bring himself strictly within the statutory requirements, necessary to confer the right, *and this must appear in his petition;*[9] otherwise it shows no cause of action.''

---

[9] Italics supplied.

A headnote to *Packard et al.* v. *Hannibal & St. J. Ry. Co.*, 181 Mo. 421, 80 S. W. 951, at p. 952, is: "Under Rev. St. 1899, § 2864, giving a right of action for wrongful death to the widow of the person killed, or, if she fails to sue within six months, to the children, the act of the widow in suing within six months constitutes an election to appropriate the cause of action, and cuts off the right of the children to sue after the expiration of six months, although the widow elects to sue the wrong defendant, and does not sue the one actually liable for the wrong."

It will be seen from the quoted Missouri decisions that the right to amend a complaint in circumstances such as we are dealing with is substantive, and not procedural, and the right to recover, under the statute, depends upon allegations made by the complaining party, who must bring himself within the terms of the law, as construed by the courts of that state.

*St. Louis & S. F. Rd. Co.* v. *Coy*, 113 Ark. 265, 168 S. W. 1106 (not a death case) is authority for the proposition that where liability for personal injuries which occurred in another state are being determined by an Arkansas court, the laws of the foreign state govern as to liability, but the remedy must be pursued according to the laws of the forum. It was there said: "As the *lex fori* controls with respect to the pleadings and procedure, the complaint will be treated as amended to conform to the proof." This was the court's holding in spite of the fact that in Missouri (where the injury occurred) the petition might have been attacked at any time, though not demurred to.

If, as the Missouri Supreme Court said in the case of *Baker* v. *Railway*, the provision of the law permitting differently related parties to bring suit within stated periods is "not a mere limitation or bar to the remedy, . . . but is a bar to the right itself," substitution of parties is not procedural.

Nowhere in the record of the instant case is there an allegation, prior to expiration of a year following the death of Tipler, that there were minor children. If

there were no such minors, and other conditions concurred, it was the duty of the administrator to sue for the benefit of the next of kin. That the original complaint sought recovery for the benefit of the widow is unimportant because, at the time suit was filed, the widow had no cause of action. The complaint, then, stands as though the administrator, who might have had a cause of action, was proceeding regularly under the laws of Missouri to recover for those to whom his obligation extended. If, when the motion was made to dismiss the administrator's suit, the pleadings had been amended to show that there were minor children, and that they desired to be made parties, there would have been no question as to the right to do so, for at that time the statute of limitation had not run.

Affirmed.