WHEELER v. THE SOUTHWESTERN GREYHOUND LINES, INC.

4-7320                                    182 S. W. 2d 214

Opinion delivered July 3, 1944.

602

*Oscar H. Winn,* for appellant.

*Barber & Henry* and *Buzbee, Harrison & Wright,* for appellee.

McFADDIN, J. This appeal involves the Missouri statute for wrongful death and our enforcement of the same.

The appellants here were the plaintiffs below. Their pleadings alleged that on January 15, 1940, Mrs. Margaret Wheeler became a passenger on a bus of the Southwestern Greyhound Lines, Inc., from New York City to Little Rock, Arkansas; that on January 17, 1940, the bus on which Mrs. Wheeler was riding crashed into a building in St. Louis, Missouri, and Mrs. Wheeler was thereby injured; that the Southwestern Greyhound Lines, Inc., was negligent in the operation of the bus and in lack of attention to Mrs. Wheeler; and that she died in Little Rock, Arkansas, on February 4, 1940, survived by her husband, Joe Wheeler, and her children, Melbourne Aiken, Charles Aiken and Lucille Aiken Thines, all of whom joined as plaintiffs. The injury, resulting in Mrs. Wheeler's death, occurred in the state of Missouri. The complaint was filed in this case January 31, 1942; and against the complaint, and amendments thereto, the defendant (appellee here) filed a demurrer which was sustained by the circuit court. The plaintiffs refused to plead further; and from a judgment dismissing the complaint and amendments this appeal followed, challenging the correctness of the court's ruling. We hold that the action of the trial court was correct.

I. At common law there was no right of action for wrongful death, and whatever right now exists is a right

created solely by statute. *Earnest* v. *St. Louis, M. & S. R. R. Co.*, 87 Ark. 65, 112 S. W. 141; *Anthony* v. *St. Louis, I. M. & So. R. R. Co.*, 108 Ark. 219, 157 S. W. 394; *Smith* v. *Missouri Pacific R. R. Co.*, 175 Ark. 626, 1 S. W. 2d 48; 48 Am. Jur. 35, 38 and 39; 25 C. J. S., § 13, p. 1072.

II. An action for wrongful death is based on the statute of the place where the injury occurred that caused the death, that is, the *lex loci delicti*. *Earnest* v. *St. Louis, M. & S. Ry. Co.*, 87 Ark. 65, 112 S. W. 141; *Tipler* v. *Crafton*, 202 Ark. 351, 150 S. W. 2d 625; 15 C. J. S. 899; Leflar on "Conflict of Laws," § 79. In the case at bar the injury causing the death occurred in Missouri, so the Missouri law governs. *Midland Valley Ry.* v. *Le Moyne*, 104 Ark. 327, 148 S. W. 654; *American Ry. Express Co.* v. *Davis*, 152 Ark. 258, 238 S. W. 50, 1063.

III. We take judicial notice of the laws of other states (§ 5119, Pope's Digest); so we know judicially that in Missouri there is only one cause of action for wrongful death. *Earnest* v. *St. Louis, M. & S. Ry. Co.*, 87 Ark. 65, 112 S. W. 141. And the cause of action is contained in §§ 3652 to 3656, inclusive, of the Missouri Revised Statutes of 1939, which are the same sections as 3262 to 3266, inclusive, of the Missouri Revised Statutes of 1929. In *Tipler* v. *Crafton*, 202 Ark. 351, 150 S. W. 2d 625, we set out certain of the statutes; and there has been no change in these Missouri statutes since that decision. Section 3656 of the 1939 statutes of Missouri reads: "Every action instituted by virtue of the preceding sections of this article shall be commenced within *one year* after the cause of action shall accrue. . . ."

In *Cummins* v. *K. C. Public Service Co.*, 334 Mo. 672, 66 S. W. 2d 920, the Supreme Court of Missouri said: "It is required by § 3266 of the Revised Statutes of 1929 that every action for wrongful death 'shall be commenced within one year after the cause of action shall accrue.' "

So we reach the conclusion that under the Missouri statute for wrongful death, the action must be commenced within one year from the accrual thereof: that is, the date of death. See *Goldschmidt* v. *Pevely Dairy*

*Co.,* 341 Mo. 982, 111 S. W. 2d 1. The deceased was injured January 17, 1940, and died February 4, 1940. No action was commenced until January 31, 1942; so the action was barred under the Missouri statute.

IV. The period of limitations (one year) contained in the Missouri statute is a part of the law governing the cause of action and must be enforced in this state. *Earnest* v. *St. Louis, M. & S. Ry. Co.,* 87 Ark. 65, 112 S. W. 141; 25 C. J. S., § 28, p. 1100. In the treatise on the Conflict of Laws by Robert A. Leflar, it is stated in § 79 thereof:

"The existence and character of a cause of action for wrongful death are for the most part governed by the same principles that apply to other torts. No cause of action for wrongful death exists save as it is created by the law of the place where the tort occurred, and it is the cause of action there created which must be sued upon at any place where action is brought. This is true both as to the amount recoverable and as to who is entitled to take beneficially the amount recovered. Even the statute of limitations of the place of the tort, if incorporated into the Death Act itself, is governing, the rule in this respect being different from that for ordinary torts. The reason given for this is that the cause of action for the period limited in the governing act is the only cause that exists."

And in § 181 of the same volume it is said:

"There is one well-recognized exception to the general rule that statutes of limitation are procedural. When a statute which creates a new type of right specifies that the existence of its new creation shall continue only for a limited length of time, there is no existent right beyond what the statute has created, and obviously no other state, even though its statute would allow a longer period for such suits, can entertain an action on a right which has ceased to exist. Death acts are characteristic in this respect, since the action for wrongful death is a new type of right arising by reason of the statutes altogether, and the statutes usually state

that actions thereunder must be brought within a named time-after the death. Arkansas has thus refused to allow an action for Missouri wrongful death brought later than the one-year period which the Missouri Act allows for the bringing of such actions, even though the two-year period set by the Arkansas act (Pope's Digest, § 1278) has not yet passed.''

So we conclude that since the cause of action of the plaintiffs was barred by limitations when the action was filed, and this fact appeared on the face of the plaintiff's pleadings, therefore the defense of limitations could be raised by demurrer. *McGinnis* v. *Less,* 147 Ark. 211, 227 S. W. 398; *Cullins* v. *Webb, ante,* p. 407, 180 S. W. 2d 835.

It follows that the demurrer was properly sustained, and the judgment of the circuit court is, therefore, affirmed.