Wallace GLICK, by his Next Friend, Bessie McGinty, and Bessie McGinty, Appellants,

v.

**BALLENTINE PRODUCE, INCORPORATED, Appellee.**

No. 17878.

United States Court of Appeals Eighth Circuit.

April 14, 1965.

Rehearing Denied May 10, 1965.

**840**

Elwyn L. Cady, Jr., Kansas City, Mo., made argument for appellants and filed brief.

Morris H. Kross, of Rogers, Field & Gentry, Kansas City, Mo., made argument and filed brief with Clay C. Rogers, of Rogers, Field & Gentry, Kansas City, Mo.

Before MATTHES and BLACKMUN, Circuit Judges, and REGISTER, District Judge.

MATTHES, Circuit Judge.

This action was instituted on April 17, 1963, in the United States District Court for the Western District of Arkansas by Wallace Glick, a minor, and Bessie McGinty (plaintiffs-appellants), Missouri citizens, seeking to recover damages from Ballentine Produce, Incorporated (defendant-appellee), an Arkansas corporation, having its principal place of business at Alma, Arkansas, for the wrongful death of Marvin Glick. The deceased was the father of Wallace and former husband of Bessie. Diversity of citizenship and the requisite amount in controversy confers jurisdiction.

Appellants alleged in their complaint that "Wallace Glick is the surviving heir at law of Marvin Glick"; that "Bessie McGinty was the lawful wife of Marvin Glick"; and that Bessie McGinty "is the Next Friend as the natural guardian of their son, plaintiff Wallace Glick." The complaint further alleged that: "On October 14, 1962, in a public highway, U. S. 71 By-Pass in Jackson County, Missouri, defendant's vehicle, being driven by an employee of defendant as agent in the scope of employment for defendant, was negligently caused to collide with a vehicle being driven by Marvin Glick, deceased."[1] Appellants sought to

---

1. Although the complaint failed to allege the date of death of the deceased, Marvin Glick, in an amendment thereto filed February 17, 1964 at the direction of the court, appellants stated:

"Further, said Bessie McGinty is the duly qualified administratrix of the estate of Marvin Glick, deceased, in accordance with the Letters of Adminis-

tration granted to said Bessie Lee Stamper Glick (McGinty), which letters are attached hereto as 'Exhibit X.'"

The Letters of Administration, issued by the Probate Court of Jackson County, Independence, Missouri, on November 14, 1962, reveal that Marvin Wayne Glick died on October 14, 1962.

recover pecuniary damages in the amount of $162,000 plus damage to their automobile in the sum of $4,000, or a total of $166,000.

On February 15, 1964, after the filing of the answer which incorporated a motion to make more definite and certain, appellee filed a motion for change of venue under 28 U.S.C.A. § 1404(a), contending that the accident upon which the cause of action was based occurred in Missouri; that the witnesses, investigating officers, physicians, and appellants were residents of that state; and that appellants had previously filed a suit in the Circuit Court of Clay County, Liberty, Missouri.[2] After the submission of memoranda by both parties, and on February 25, 1964, the Court, Judge Miller, filed its memorandum opinion (unreported) sustaining the motion to transfer, and ordered the case transferred to the United States District Court for the Western District of Missouri.

The following proceedings transpired in the United States District Court for the Western District of Missouri (Judge Duncan).

On March 20, 1964, appellee filed a motion to dismiss the complaint for failure to state a cause of action or to state a claim upon which relief could be granted. On March 23, 1964, appellants filed a motion to retransfer the cause to the Arkansas district court. In disposing of the motions the Court filed a memorandum opinion holding inter alia that the complaint attempted to plead a common law action for the death of Marvin Glick, and that "there is no such thing as common law action for death in the State of Missouri." The Court found that the complaint did not state a cause of action on behalf of Bessie McGinty, the widow, because she had failed to appropriate her cause of action within six

months from the death of the deceased as provided by § 537.080 V.A.M.S., and that the complaint "is also defective in many other respects." The Court took cognizance of the federal rule that a complaint should not be dismissed with prejudice unless the plaintiffs could prove no facts in support of their claim which would allow them to recover, and entered an order granting appellants twenty days to file an amended complaint. The motion to retransfer was denied.

Instead of filing an amended complaint, appellants filed a "motion to modify order" in which they reasserted that the substantive law of Arkansas was applicable. This motion was denied.

On October 1, 1964, and upon motion of appellee, the Court entered its order dismissing the action on the merits. It is from this judgment of dismissal that appellants have perfected their appeal to this Court.

Before reaching the basic question at issue in this case, we shall, by way of summary, set forth the distinguishing pertinent characteristics of the substantive law applicable in Arkansas and Missouri to wrongful death actions.

In both jurisdictions a cause of action for wrongful death, not cognizable at common law, arises only by virtue of the wrongful death statutes which must be strictly adhered to in determining who may institute an action within the time limits provided therein. Smith v. Missouri Pacific Railroad Co., 175 Ark. 626, 1 S.W.2d 48 (1927); Vines v. Arkansas Power & Light Co., 232 Ark. 173, 337 S.W.2d 722 (1960); Knorp v. Thompson, 352 Mo. 44, 175 S.W.2d 889 (1943); Nelms v. Bright, 299 S.W.2d 483 (Mo. en banc 1957); Plaza Express Company v. Galloway, 365 Mo. 166, 280 S.W.2d 17 (1955).

2. In the Missouri state court action Ballentine Produce, Incorporated, appellee here, is one of the defendants. In that action Wallace Glick, one of the appellants here, is a plaintiff, and as in this case, he is seeking to recover damages, but not against Ballentine, for the loss of his father in the amount of $162,000.

Bessie McGinty seeks damages from Ballentine and others in that action for loss of her minor sons, Philip and Robert, in the amount of $100,000 for each. The petition in that case alleges that Philip and Robert were also killed in the same collision forming the basis for this action.

Turning to the statutes, in Arkansas § 27–906, Ark.Stat.1947 Annotated, creates the cause of action; § 27–907 provides that the action shall be brought in the name of the personal representative of the deceased, and if there is no personal representative, then by the heirs of law of the deceased; § 27–909 provides for recovery of damages as will be fair and just compensation for pecuniary injuries sustained by the parties entitled thereto (no limit fixed) including mental anguish suffered by the surviving spouse and next of kin of the deceased person. Additionally, there are Arkansas cases in which recovery was allowed for the conscious physical pain and mental anguish endured by the deceased after he sustained the fatal injury. Compare, Chicago, R. I. & P. Ry. Co. v. Caple, 207 Ark. 52, 179 S.W.2d 151 (1944); Beaty v. Buckeye Fabric Finishing Co., 179 F. Supp. 688 (E.D.Ark.1959).

In Missouri, the cause of action is created by § 537.080 V.A.M.S.; and shall be commenced within one year after the cause of action accrues, § 537.100. The surviving spouse has the right to institute the action within six months after the death of the deceased. If there be no surviving spouse or he or she fails to sue within six months, the surviving minor child or children may institute the cause of action. If there be no surviving spouse, minor child or children, then suit may be instituted by the administrator or executor of the deceased. Forehand v. Hall, 355 S.W.2d 940 (Mo. 1942). The amount recoverable as damages is limited to $25,000. § 537.090 V.A.M.S.

From the inception of this case the issue has been whether the law of Arkansas or the law of Missouri is to be applied in determining (a) who has the right to institute and maintain the action, and (b) the amount that may legally be recovered as damages. No contention is made here concerning the propriety of Judge Miller's transfer of the case to the Missouri district court.

Appellants adamantly contend that "under modern conflict of laws approaches, Arkansas law must be applied because of the dominant contacts and significant relationship obtaining between this cause and the forum, Arkansas." [3]

Both the transferor and the transferee United States District Courts held, in effect, that regardless of the forum where the case is tried, Missouri law controlled the disposition and resolution of the above questions. We are in full accord.

It is fundamental that in diversity cases the federal courts, when deciding questions of conflict of laws, must follow the rules prevailing in the states in which they sit. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481 (1941); Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); Tinnon v. Missouri Pacific Railroad Company, 282 F.2d 773, 775 (8 Cir. 1960).

Under the Arkansas conflict of laws rule the courts of that state look to the laws of the state where the tort occurred in determining who is entitled to recover and the amount recoverable. In Trotter v. Ozarks Rural Electric Coop. Corporation, 226 Ark. 722, 294 S.W.2d 498, 500 (1956), the Supreme Court of Arkansas stated: "Here it is conceded that the death of appellant's intestate occurred in Oklahoma, therefore, any right to recover and the measure of damages must be tested by the laws of that state," (citing cases). Wheeler v. Southwestern Greyhound Lines, 207 Ark. 601, 182 S. W.2d 214 (1944) was an action for wrongful death which occurred in Missouri. The court applied the Missouri wrongful death statute in determining whether the petition stated a cause of action. See also American Ry. Express Company v. Davis, 152 Ark. 258, 238 S. W. 50 (1922); Tipler v. Crafton, 202 Ark. 351, 150 S.W.2d 625 (1941); Leflar,

---

3. Appellants' cited authority for their position is Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964).

Conflict of Laws, § 114 (1959); Restatement, Conflict of Laws, § 391 (1934).

■ We have carefully examined the Van Dusen case, supra, 376 U.S. 612, 84 S.Ct. 805, which appellants urge upon us in support of their theory that Arkansas law must be applied. We do not regard the opinion as standing for this proposition. True it holds that in cases where the defendant seeks transfer, the transferee district court is obligated to apply the state law that would have been applied if there had been no change of venue, id. 639, 84 S.Ct. 805. Here, the transferor Arkansas district court properly held that Missouri law controlled and the transferee Missouri district court properly applied the same law.

Application of Missouri law convinces that the complaint failed to state a cause of action and is fatally defective. Appellants do not contend otherwise. In fact, in their motion to retransfer the case to the Arkansas federal court, they stated: "* * * Mrs. McGinty does not have a right to bring an action in this Court as administratrix * * *. Present Missouri law does not authorize such procedure."

In Nelms v. Bright, 299 S.W.2d 483, 487 (1957), the Missouri Supreme Court, en banc, in considering the essential elements of a cause of action under the wrongful death statute, reiterated the rule previously announced in Chandler v. Chicago & A. R. Co., 251 Mo. 592, 600–601, 158 S.W. 35, 37 (1913):

"'A party suing under the [wrongful death] statute referred to must bring himself in his *pleading and proof strictly within the statutory requirements necessary to confer the right. Otherwise his petition states no cause of action*, and his proof is insufficient to sustain his judgment. Only such persons can recover (and in such time and in such manner) as the letter of the law prescribes. *Only such persons may sue as the statute permits, and they alone can sue*. * * * It must "be conceded that the section reserves to itself the exclusive power of naming those who

can maintain the action and of fixing the time in which each of the enumerated persons could sue."'" (Emphasis supplied).

In accord are the Arkansas cases of Tipler v. Crafton, supra, and Wheeler v. Southwestern Greyhound Lines, supra.

■ As we have seen, Bessie McGinty, widow and administratrix, and Wallace Glick, the minor son, filed the action jointly to recover damages for the alleged wrongful death in the amount of $162,000. There is no authority in Missouri law to support a joint cause of action by the widow and minor child or children. Under the Missouri wrongful death statute, § 537.080, the widow alone has the first right to sue. If she fails to appropriate her right within six months after the death of her husband, the minor child or children have the next six months in which to institute the action. In Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920, 930 (1933), the Missouri Supreme Court, en banc, reviewed the history of the Missouri Act, and stated among other things:

"The statute provides for but one cause of action * * *.

\* \* \* \* \* \*

"Whether the widow or the children have the right to enforce this cause of action, it remains the same cause of action and passes from one beneficiary to another. *They do not have a joint cause of action nor concurrent causes of action* * * *." (Emphasis supplied).

■ Because of the time limitation built into the statue for each of the designated parties, it is an essential element of the cause of action that the date of the death be pleaded, otherwise it cannot be determined whether the plaintiff has capacity to maintain the action. That was not done here although, as indicated, this date appears from the letters of administration that were attached to the amendment to the complaint.

■ The petition is also defective in alleging that appellants were damaged

in the amount of $162,000. The limit of recovery is $25,000.

From what has transpired, we believe Judge Duncan was justified in concluding that "the sole reason for attempting to maintain the action in Arkansas is [because] the laws of that jurisdiction are more favorable to the elements of damage than * * * the laws of Missouri." Appellants concede as much. Although they seemingly have recognized from the beginning that their complaint was deficient under Missouri law, they obstinately refused the opportunity to amend their complaint to state a cause of action. Perhaps they are more desirous of attempting to establish a new principle. Be that as it may, on this record and in light of the controlling legal principles, we are required to affirm the judgment of dismissal.

Affirmed.