Bessie McGinty, Adm'x *v.* Ballentine Produce, Inc.

5-4006                                    408 S. W. 2d 891

Opinion delivered December 5, 1966

*Elwyn L. Cady Jr.,* for appellant.

*Shaw, Jones & Shaw,* for appellee.

Ed. F. McFaddin, Justice. A traffic mishap occurred in the State of Missouri on October 14, 1962, resulting in the death of Mr. Marvin Glick. On October 8, 1965 this present action was filed in the Crawford Circuit Court by appellant, Bessie McGinty, as administratrix of the estate of Marvin Glick, against the appellee, Ballentine Produce, Inc., which is an Arkansas corporation with a place of business in Crawford County.

The complaint alleged that the mishap occurred solely because of the negligence of the driver of the Ballentine vehicle. Damages were sought by the administratrix for the benefit of those claimed entitled to recover under the Arkansas statutes. To this complaint

the appellee, Ballentine Produce, Inc., filed a demurrer stating:

"I. The complaint does not state facts sufficient to constitute a cause of action.

"II. There is another action pending between the same parties for the same cause.

"III. The causes of action alleged in the complaint are barred by the statute of limitations."

From the order of the Trial Court sustaining the demurrer and dismissing the complaint, there is this appeal in which appellant urges three points:

"I. Demurrer contending that the complaint failed to state a cause of action was faulty under modern conflict of laws principles of forum preference.

"II. Demurrer grounded on a claim of *res adjudicata* was improper since there was not the requisite identity of parties and the pleading relied on was held to have omitted essential allegations.

"III. Demurrer based on interposition of the defense of the statute of limitations was erroneous inasmuch as the action was filed within applicable limitation periods."

Without separately discussing each point, it is sufficient to say that we have concluded that the Trial Court was correct in sustaining the demurrer. There has been other litigation arising from the same traffic mishap here involved. See *Glick et al* v. *Ballentine*, 343 F. 2d 839, cert. denied, 382 U. S. 891, 86 S. Ct. 184; 15 L.Ed. 2d 149; and *Glick* v. *Ballentine* (Mo. S. Ct.), 396 S. W. 2d 609, Ap. dis. 385 U. S. 5, 87 S. Ct. 44, 17 L.Ed. 2d 5. These cases afford interesting information and side-

lights on the present case. We start with the fundamental fact that the traffic mishap resulting in Mr. Glick's death occurred in the State of Missouri. At common law no cause of action survived for wrongful death, and the only cause of action that arises is because of wrongful death statutes, which must be strictly adhered to in determining the cause of action, the parties, and the period of limitations. Both the Missouri Court and the Arkansas Court have so held. For Missouri cases see: *Knorp* v. *Thompson,* 352 Mo. 44, 175 S. W. 2d 889 (1943); *Nelms* v. *Bright,* 299 S. W. 2d 483 (Mo. *en banc* 1957); *Plaza Express Co.* v. *Galloway,* 365 Mo. 166, 280 S. W. 2d 17 (1955). For Arkansas cases see: *Smith* v. *Mo. Pac. RR. Co.,* 175 Ark. 626, 1 S. W. 2d 48; *Vines* v. *Ark. P. & L. Co.,* 232 Ark. 173, 337 S. W. 2d 722.

If the Arkansas wrongful death statute is the applicable law in the case at bar, then there would be a cause of action that could be brought by the administratrix, just as was here done, and this cause of action would have been timely filed within the applicable period of limitations in Arkansas. Ark. Stat. Ann. § 27-906 *et seq.* (Repl. 1962). If the Missouri wrongful death statute applies to this case, then § 537.080 *et seq.* Vernons Annotated Missouri Statutes governs; and the cause of action must be brought by the surviving spouse within six months, or the minor children within one year; and the amount of recovery is limited. The Missouri wrongful death statute has a built-in statute of limitations. See *Forehand* v. *Hall* (Mo.), 355 S. W. 2d 940. Therefore, the prime question for decision in this case is whether the Missouri statute governs, or the Arkansas statute governs.

In the case of *Wheeler* v. *Southwestern Greyhound Lines, Inc.,* 207 Ark. 601, 182 S. W. 2d 214, we had this identical question before us, and we there said:

"An action for wrongful death is based on the statute of the place where the injury occurred that caused the death, that is, the *lex loci delicti. Earnest*

v. *St. Louis, M. & S. Ry. Co.,* 87 Ark. 65, 112 S. W. 141; *Tipler* v. *Crafton,* 202 Ark. 351, 150 S. W. 625; 15 C. J. S. 899; Leflar on 'Conflict of Laws,' § 79. In the case at bar the injury causing the death occurred in Missouri, so the Missouri law governs. *Midland Valley Ry.* v. *LeMoyne,* 104 Ark. 327, 148 S. W. 654; *American Ry. Express Co.* v. *Davis,* 152 Ark. 258, 238 S. W. 50, 1063.''

In *Wheeler* v. *Southwestern Greyhound Lines, supra,* we also said:

''The period of limitations (one year) contained in the Missouri statute is a part of the law governing the cause of action and must be enforced in this State. *Earnest* v. *St. Louis, M. & S. Ry. Co.,* 87 Ark. 65, 112 S. W. 131; 25 C. J. S., § 28, p. 1100. . . .

''So we conclude that since the cause of action of the plaintiffs was barred by limitations when the action was filed, and this fact appeared on the face of the plaintiff's pleadings, therefore the defense of limitations could be raised by demurrer. *McGinnis* v. *Less,* 147 Ark. 211, 227 S. W. 398; *Cullins* v. *Webb, ante,* p. 407, 180 S. W. 2d 835.''

With admirable candor the appellant's learned counsel concedes that in order to agree with the appellant and reverse the Trial Court in the present case, we would be required to overrule our holding in *Wheeler* v. *Southwestern Greyhound Lines,* and also all the other cases so holding. We are asked to do this on the claim that the old holdings on *''lex loci delicti''* are archaic, and that the more recent cases have abandoned the *''lex loci delicti''* rule (that is, the law of the place where the mishap occurred) and have embraced the new and modern rule sometimes called ''the better rule of law'' or the ''choice of law'' rule. We copy this pertinent sentence from the appellant's brief:

''Appellant makes this direct appeal for justice by asking this Court to choose its modern, realistic and

salutary law of wrongful death over the outmoded, unrealistic and anachronistic law of Missouri.''

This ''choice of law'' rule urged by the appellant is sometimes also called the ''forum preference'' rule. Appellant lists the following cases and Law Review articles, among others, as supporting the contention: *Griffith* v. *United Airlines, Inc.* (Pa.), 203 A. 2d 796; *Babcock* v. *Jackson* (N. Y.), 191 N. E. 2d 279; *Clark* v. *Clark* (N. H.), 222 A. 2d 205; and *Kilberg* v. *Northeastern Airlines,* 172 N. E. 2d 526; and also the following Law Review articles: ''Choice-influencing considerations in conflicts law,'' 41 N. Y. University Law Review, p. 267; ''Conflicts of Laws—torts—the passing of the *lex loci delicti,*'' 19 Ark. Law Review, p. 168; ''State's rights in conflict of laws,'' 19 Ark. Law Review, p. 142; ''Conflict of Law—Torts—What Law Governs,'' 18 Ark. Law Review, p. 96; ''Choice of the applicable law,'' 52 Columbia Law Review, p. 959; ''The Lex Fori—Basic rule in the conflict of laws,'' 58 Mich. Law Review, p. 638; and ''Comments on Babcock v. Jackson. . . .'' 63 Columbia Law Review, p. 1212.

We recognize that some courts, and a growing number of Law Review writers are going to the so-called ''forum preference'' rule. We cannot now say whether this Court will, in a stronger case than the one here presented, abandon the *''lex loci delicti''* rule in favor of the ''forum preference'' rule; but in the case at bar we adhere to the *lex loci delicti* rule, just as we held in *Wheeler* v. *Southwestern Greyhound, supra.* Here, the deceased was not a resident of Arkansas; the administratrix was not appointed by any court in Arkansas; the traffic mishap did not occur in the State of Arkansas. The only contact that Arkansas had to the mishap was the fact that the defendant has a place of business in Arkansas. All of the other factors—residence of the deceased, place of mishap, the appointment of the administratrix—had their locale in Missouri. Under such circumstances we feel that the plaintiff should not be allowed to ''shop around'' to find some forum (Arkan-

sas, in this instance) which has a more favorable statute than that of Missouri. And we certainly feel this is true after the Federal Court of Missouri had denied relief in the interrelated case of *Glick* v. *Ballentine*, 343 F. 2d 839. There is no escape from the logic and the conclusions stated by the Court of Appeals for the 8th Circuit in *Glick* v. *Ballentine*, when, in speaking of what the United States District Judge (Duncan) had held, the Circuit Court of Appeals stated:

> "From what has transpired, we believe Judge Duncan was justified in concluding that 'the sole reason for attempting to maintain the action in Arkansas is [because] the laws of the jurisdiction are more favorable to the elements of damage than * * * the laws of Missouri.' Appellants concede as much. Although they seemingly have recognized from the beginning that their complaint was deficient under Missouri law, they obstinately refused the opportunity to amend their complaint to state a cause of action. Perhaps they are more desirous of attempting to establish a new principle. Be that as it may, on this record and in the light of the controlling legal principles, we are required to affirm the judgment of dismissal."

We adhere to our holding in *Wheeler* v. *Southwestern Greyhound, supra*. The Missouri wrongful death statute had a built-in period of limitation, as previously stated. This cause of action arose in Missouri and the Missouri law governs; and the cause of action is barred by the Missouri statute. It thus becomes unnecessary for us to discuss the other points urged by appellant.

Affirmed.