Davis, J.,
delivered the opinion of the court:
In Juné, 1877, the claimant, a major in the Army of the United States, was stationed at Saint Paul, in Minnesota. On the 14th of that month he loft Saint Paul on a leave of absence and visited Washington. While on leave of absence at Washington, he was ordered to report for temporary duty to the Judge-Advocate of the Army, at Washington, and was detained there on such *275 temporary duty until after the expiration of Ms leave of absence. He was then ordered to rejoin Ms proper station, and did so. Under these circumstances he claimed mileage from Washington to Saint Paul, which claim was disallowed. This suit is brought to recover it.
The second section of the act of July 24,1876, provides that “when any officer travels under orders, and is not furnished transportation by the Quartermaster’s Department, or on a conveyance belonging to or chartered by the United States, or on any railroad on which the troops and supplies of the United States are entitled to be transported free of charge, ho shall be allowed eight cents a mile, and no more, for each mile actually traveled under such order, distances to be calculated by the shortest usually traveled route.” (19 Stat. L., 100.)
When the claimant was placed on temporary duty in Washington seventeen days of his leave of absence remained. Had his time of temporary service expired before the expiration of his leave, he would have reverted to the status of leave of absence, with obligation to rejoin his station at Ms own expense. (Paragraph 9 of G. O. 97 of 1876.) Had he been ordered to rejoin his post from Washington before the expiration of Ms leave without having been assigned to temporary duty, then the order would not carry transportation or mileage (unless the public service required the performance of duty en route, which it did not in this case). (Id., par. 7.) Had he returned to his post in the usual way without special orders to do so, he in libe manner would not have been entitled to mileage.
The present case does not come within the letter of any of the prescribed rules. It is, however, clearly within the spirit. It is impossible to draw any sound distinction in principle between the present case and the case which would have arisen had the claimant been discharged from temporary duty in Washington before the expiration of his leave. He was temporarily and not permanently assigned to duty in Washington. His obligation to rejoin his post was suspended while he was on temporary duty; that duty ended, it was revived.
The regulations contemplate that the officer absent on leave for his own accommodation shall find his way bach to his post at his own expense. If the temporary use of his services during his absence at a place to which he had voluntarily taken himself *276 were regarded as good cause for giving him mileage back to his original post, it would be allowed in every case. As it is disallowed in every case specially provided for in the regulations, we think that it should be refused in every case governed by the same principles.
The claimant’s petition must be dismissed.