Booth, J.,
delivered the opinion of the court:
The claimant, Herbert S. Foster, a major in the United States Army, while stationed in the Philippine Islands received a leave of absence. The order covered a period of three months from August 23, 1901, with permission to visit the United States and to apply for an extension of one month. The claimant availed himself of the entire period of leave and extension thereof. While still on leave and visiting at North Calais, Vt., he was by special orders assigned to temporary recruiting duty at Indianapolis, Ind., reporting for such duty a few days subsequent to the expiration of his leave of absence. The claim preferred is for mileage from Indianapolis to Fort Duchesne, Utah, his regiment during his absence having been transferred to that latter place, and he having received orders to rejoin the same upon relief from duty at Indianapolis.
“ It is a principle long recognized and established that the expiration of a leave of absence finds the officer, in legal *174 contemplation, at his post.” The findings disclose that the claimant’s leave was not interrupted, and having received his mileage for travel from North Calais, Vt., to Indianapolis he was in fact relieved of considerable expense in rejoining his regiment. The orders for temporary duty at Indianapolis were received before the expiration of his leave of absence and while claimant was still at North Calais; but for their receipt claimant would have been compelled to perform the entire journey from North Calais to Fort Duchesne at his own expense. It is quite clear, therefore, that claimant’s duty to be at his post upon the expiration of his leave was in fact but temporarily suspended by the order for temporary duty at Indianapolis. In this respect the case is similar to Thomas F. Barr v. United States (14 C. Cls. R., 272). The case can hardly be said to come within paragraph 1480 of the Army Eegulations of 1901. Paragraph 1482 of the Eegulations of 1901 was evidently framed to cover cases similar to this. It provides as follows: “An officer on leave of absence ordered to temporary duty, involving travel without troops, will receive travel allowances from place of receipt of order to place of performance of duty and return.”
While the paragraph quoted does not in terms cover the exact situation, yet its intent is apparent. An officer whose leave is interrupted by assignment to temporary duty can by its terms recover travel allowances incident to the performance of the same, clearly intending by its limitations to only relieve the officer from the necessary expense occasioned by the assignment to duty during the continuance of his leave, and restoring him upon its completion to his prior status under the leave.
The Comptroller of the Treasury, in passing upon this case, said:
“ The effect of the order assigning him to temporary duty was to delay his return to his command until relieved from such duty, but when relieved he was under obligations to return to his command without further orders, and, as I view it, he not being farther from his command than when on leave, at his own expense.”
*175 The elementary and well-settled principles applicable to this case lead inevitably to the conclusion that travel pay can not be allowed. An officer on leave of absence is enjoying a respite from military duty, and it is granted for his sole accommodation. If, during the continuance of his leave, he is called upon to perform military duty inconsistent with the real purpose of the leave, and is thereby deprived from its enjoyment, the emoluments of such duty, including travel pay, are clearly his. If, however, the leave granted is but temporarily suspended or interrupted, and its real purposes not diverted by curtailment of time, it is unjust to entail upon the Government the expense of the officer’s return to his regiment, which in the first instance is imposed upon the officer himself. A ruling of this sort would necessarily work an unjust discrimination between officers upon leave. The Army Regulations in express terms seek to relieve military officers from any onerous burden while on leave of absence by providing allowances when additional travel is enjoined by change in his regiment’s station, by granting mileage for temporary duty, and the performance of duty while en route to his regiment. The temporary suspension of a leave of absence, which, at its close, leaves the officer in statu quo with respect to his orders granting the leave, merely leaves the officer where the order for temporary duty found him. He must, therefore, comply with the duties and obligations of his former situation.
The petition will be dismissed. Judgment ordered for the defendants.