BakNex, J.,
delivered the opinion of the court
This is a suit brought to recover the six months’ death benefit provided by law, to be paid in certain cases to the person properly designated, on the death of an officer or enlisted man in the military service of the United States. The plaintiff is the father of Capt. John K. Moore, late of the Fifteenth Infantry, United States Army, who died while in the military service in the military hospital at Fort Leavenworth, Kans., on September 8, 1908, and which officer had designated his father as the recipient of the death benefit above mentioned.
*112 The claim is based upon the following statutes:
“ That hereafter, immediately upon official notification of the death from wounds or disease contracted in line of duty of any officer or enlisted man on the active list of the Army, the Paymaster General of the Army shall cause to be paid to the widow of such officer or enlisted man, or to any other person previously designated by him, an amount equal to six months’ pay at the rate received by such officer or enlisted man at the date of his death, less seventy-five dollars in the case of an officer and thirty-five dollars in the case of an enlisted man. From the amount thus reserved the Quartermaster’s Department shall be reimbursed for expenses of interment, and the residue, if any, of the amount reserved shall be paid subsequently to the designated person. The Secretary of War shall establish regulations requiring each officer and enlisted man to designate the proper person to whom this amount shall be paid in case of his death, and said amount shall be paid to that person from funds appropriated for the pay of the Army.” (Act of May 11,1908, 35 Stat. L., 108.)
“Provided further, That the act approved May eleventh, nineteen hundred and eight, for the support of the Army for the fiscal year ending June thirtieth, nineteen hundred and nine, in so far as it mates to the payment of six months’ pay to the widow of an officer or enlisted man, and so forth, be amended as follows:
“ Strike out the words, ‘ contracted in the line of duty ’ and insert in lieu thereof the words, 1 not the result of his own misconduct.’ ” (Act of Mar. 3, 1909, 35 Stat. L., 735.)
The facts connected with the death of Capt. Moore, briefly stated, are as follows: Prior to the summer of 1908 he had been on duty in the Philippine Islands, and while there had suffered from the malarial fever. He obtained a leave of absence on full pay beginning June 25, 1908, and returned to his old home in Ohio, where he arrived in the latter part of July; while at home he was in a somewhat debilitated condition, complaining of loss of appetite, inability to sleep well, etc., and for which he received medical treatment. After remaining in Ohio about four weeks he was ordered to return to his regiment, then stationed at Fort Douglas, Utah, and on his journey there in pursuance of said order he was attacked by typhoid fever, taken to the military hospital at Fort Leavenworth, Kans., and died there September 8, 1908, as a result of said disease.
*113 The facts in this case are undisputed, and the only question for decision is whether the death of Capt. Moore comes within the provisions of the statutes quoted. It will be seen that his death occurred about midway between the date of the passage of the act giving the death benefit and the passage of the act amending it.
It is contended by the plaintiff that he is entitled to recover under the act of May 11, 1908, supra, regardless of the amendment by the act of March 3, 1909, and that, even if there were any doubt upon that question, the amendment was retroactive in its effect and speaks from the date of the original act. Both of these propositions are denied by the defendants. This court being of opinion that the plaintiff is entitled to recover under the original act, the proposition as to the retroactive effect of the amendment is not considered.
The original statute confers the benefit in case of “ death from wounds or disease contracted in line of duty,” and the question is, What does the phrase “ in line of duty ” as used in this statute mean? As a general proposition, we believe a soldier is in line of duty until separated from the service by death or discharge, if during such time he is submitting to all of its laws and regulations. While on leave of absence he may be ordered to active duty at any time (Barr v. United States, 14 C. Cls., 272); and to this end the War Department is to be kept constantly informed as to his address and all changes in the same (Art. IX, Army Regulations). The provisions for furloughs or leaves of absence are a part of the disciplinary regulations of the military service, and no more separate a man from the service than an order to report to a different command.
As we view it, however, the statute under consideration employed this phrase in a more limited sense. Suppose a soldier dies from wounds received in a duel or from disease contracted in a brothel, could it be said that he died of wounds or disease contracted “in line of duty”?
Again, the statute under consideration provides for the benefit when the death occurs from disease “contracted in line of duty.” In this case, or in any claim under this *114 statute, is the court to take and consider evidence as to when the disease of which the soldier died was contracted? In this age of the discovery and dispute as to disease microbes and germs, is the court called upon to take evidence and decide when the germs of typhoid fever, tuberculosis, or other diseases first began to incubate? If so, then the evidence might show that a soldier engaged in active war duty for years, and in the midst of which he died of tuberculosis, contracted the disease before he entered the service.
We do not believe any such narrow construction of this statute is demanded. We think that a reasonable construction of it confers the benefit whenever the soldier dies while in the service generally, and submitting to its rules and regulations, from wounds or disease not the result of his own misconduct. We do not think the amendment by the act of March 3, 1909, has broadened the application of the original statute in the least. It has only made absolutely certain in unmistakable terms the intent which we have given by construction, and has thereby reenforced this construction.
The soldier in this case died while on his way under orders to rejoin his command, and this was in the line of duty; and even giving the statute the narrow construction asked for by the defendants we do not think we are called upon to decide when and where he contracted typhoid fever, the disease of which he died. He died while in the line of duty, and the party designated by him is entitled to the benefit conferred by the original statute and the amendment.
Judgment is ordered for the plaintiff in the sum of $1,560.