## ROBINSON v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

### Opinion delivered January 26, 1914.

1. MASTER AND SERVANT—TORTIOUS ACTS OF SERVANT—LIABILITY OF MASTER.—A master is liable for the wilful or malicious acts of its servant, when they are done within the course of his employment, and within its scope.   (Page 212.)

2. MASTER AND SERVANT—TORTIOUS ACT OF SERVANT—LIABILITY OF MASTER—RULE.—A master is civilly liable for the tortious acts of his servants, whether of omission or commission, and whether negligent, faudulent or deceitful, when done in the line of his employment, even though the master did not authorize or know of such acts, or may have disapproved of, or forbidden them; but the act must be done not only while the servant is engaged in his master's service, but it must pertain to the particular duties of that employment.   (Page 213.)

3. MASTER AND SERVANT—TORTIOUS ACT OF SERVANT—COMPLAINT—DEMURRER.—A complaint sufficiently states a cause of action, when it alleges that plaintiff was injured by being run into by defendant's servant, while the servant was riding a bicycle in the discharge of his employment, although the complaint fails to allege that the bicycle was furnished by the defendant, or that he required its use.   (Page 214.)

Appeal from Nevada Circuit Court; *Jacob M. Carter*, Judge; reversed.

*Thos. C. McRae, W. V. Tompkins, D. L. McRae* and *Chas. H. Tompkins,* for appellant.

1.   The complaint alleges that the injury was caused by the call boy in the employ of appellee while going to make a call under its orders, and this sufficiently charges that he was in the discharge of his duty toward appellee and was acting within the scope of his employment. The complaint states facts sufficient to constitute a cause of action under the doctrine *respondeat superior*. Thompson on Negligence, § 613; 45 Mich. 62; 40 Ark. 323; 93 Ark. 403; 6 Labatt, Master & Servant (2 ed.), § 2241-a; *Id.*, § 2242; *Id.*, § 2226; 42 Ark. 542-552-3; 22 L. R. A. (Mass.) 364; 178 U. S. 160; 96 Ark. 358; 26 Cyc. 1526.

2.   It was not necessary to allege that appellee furnished the bicycle. It is not the ownership of the instrumentality which determines the liability, but the use, and whether or not that use was authorized, expressly or impliedly, by the master. 6 Labatt, Master & Servant, § 2282; *Id.*, § 2299, and notes; 10 L. R. A. (N. S.) 202, 203; 52 Minn. 474, 38 Am. St. 564; 96 Ill. App. 144; Thompson on Neg., § 614; 26 L. R. A. (N. S.) 382; 102 Ind. 399.

*E. B. Kinsworthy, Campbell & Suits* and *T. D. Crawford,* for appellee.

Contentions set out in the opinion. Supporting the proposition that no case of liability is alleged, cite Labatt, Master & Servant, § 2288, and cases cited in note 4; 113 Ga. 705, 54 L. R. A. 810; 27 Am. St. Rep. (Cal.) 223; 26 Cyc. 1536, 1539.

SMITH, J.  The complaint in this case alleged that the appellant was a corporation, owning and operating a line of railroad in Clark County, and that Gurdon is a point where two of the appellee's lines of road cross, and at which trainmen stop over for rest and where a large number of trainmen reside.

That said trainmen have their residences and boarding places in some instances more than one-half mile from the railroad station, and where they are required to report for work. That for the purpose of calling said trainmen from their homes and boarding places the defendant, on the 28th day of April, 1913, maintained a call boy, whose duty it was, when so ordered by the defendant, to go immediately and quickly to the residences and boarding places of the trainmen and call them to take out their train, or to perform their other duties. That said call boy has for a long time, with the knowledge and consent of the defendant, discharged his duties by riding a bicycle, which it was necessary for him to use in order for him to expeditiously discharge his duties.

That on said 28th day of April the plaintiff, while crossing the track of the defendant, on the public crossing on Main Street in Gurdon, near the north end of the passenger depot, and while lawfully on said public crossing, Will Sturdivant, a call boy in the employ of the defendant, while going to make a call under the orders of the defendant, and while riding a bicycle, carelessly, negligently, wantonly and wilfully ran over and against the plaintiff and knocked her down in the street, to her damage, etc.

To this complaint the following demurrer was filed:

"The defendant demurs both generally and specifically to plaintiff's complaint, upon the following grounds, and for the following reasons, towit:

"1.   Because the complaint does not state facts sufficient to constitute a cause of action against this defendant.

"2.   Because the complaint charges that one Will Sturdivant, while riding a bicycle, wantonly and wilfully ran against the plaintiff and inflicted the injuries complained of; whereas, if such be the fact, the defendant railway company is not liable.

"3.   Because the complaint fails to state that the use of a bicycle, by the said Will Sturdivant, was authorized by the defendant, or that such bicycle was any equip-

ment, or part thereof, to be used by said Sturdivant in the discharge of his duties, or that the injury occurred from any use of any equipment or appliances furnished by defendant, or which ought to have been furnished by defendant.

"4.   Because the complaint, while charging that the plaintiff was injured while the said Sturdivant was in the discharge of his duty as a call boy, fails to allege any facts showing that there was any authority upon the part of defendant, a railroad corporation, to furnish said call boy with a bicycle, or any such equipment whatever.

"5.   Because the complaint does not allege any employment of Will Sturdivant, the call boy, contemplating the use of a bicycle as a means of performing his duties, or reserving to the defendant railroad company the right to control the means of accomplishing the calls."

The appellant declined to amend her complaint and it was dismissed, and she excepted and has appealed.

Appellee states its contention with reference to the allegations of the complaint in the following language:

"It is not alleged that the call boy had authority to commit the assault and battery upon the plaintiff. It is not alleged that he did so in the furtherance of the master's business. It is alleged that his duties were to call trainmen to take out their trains and to perform other duties. It is not incident to such employment, that one should be authorized to commit a wanton or wilful assault and battery upon a third person."

The allegations of the complaint are "that said call boy has for a long time and with the knowledge and consent of the defendant discharged his duties by riding a bicycle, which it was necessary to use, in order for him to expeditiously discharge his duties." And further that "a call boy in the employ of the defendant, while going to make a call under the orders of the defendant, and while riding a bicycle, carelessly, negligently, wantonly and wilfully ran over and against the plaintiff and knocked her down in the street." Appellee insists the case should be affirmed because the complaint alleges

that the call boy ran the appellant down wantonly and wilfully, and that if such be a fact the appellee can not be liable.

The rule in regard to the wilful or malicious acts of a servant is stated in 26 Cyc. 1527, as follows: "The earlier cases held that the master was not liable for the wilful or malicious acts of his servant, as distinguished from his neglect, unless the act was done pursuant to the master's express orders or with his assent, notwithstanding it was done in the line of the servant's duties. It is now well settled, however, that the master is liable for the wilful or malicious acts of his servant, when they are done within the course of his employment and within its scope. On the other hand, where the servant does a wilful or malicious act while engaged in his master's work, but outside of his authority, as where he steps aside from his employment to gratify some personal animosity, or to accomplish some purpose of his own, the master is generally not liable. If a third person is injured by the act of a servant done in the course of his employment, the motive or intention of the servant is immaterial; but when the nature of the act is such as to render it equivocal whether the act comes within the scope of the servant's employment, the intention with which the act is done may be looked at in determining its character."

And on the question of what acts are within the scope of a servant's employment the same authority says: "In determining whether a master is liable for the torts of his servant the most difficult question is, whether the particular act, or omission of the servant, causing the injury for which the master is sought to be held liable, was committed within the scope of the servant's employment; and this question is in most cases one of fact to be determined by the jury from the surrounding facts and circumstances. * * * An act is within the scope of the servant's employment, where necessary to accomplish the purpose of his employment, and intended for that purpose, although in excess of the powers actually conferred

on the servant by the master. The purpose of the act, rather than its method of performance, is the test of the scope of employment. But the act can not be said to be within the scope of the employment merely because done with the intent to benefit or serve the master, nor merely because the injuries complained of would not have been committed without the facilities afforded by the servant's relations to his master, nor because the servant supposed that he possessed authority to do the act in question.''

The leading authorities on this question are reviewed by Justice Whitfield of the Supreme Court of Mississippi in the case of *Richberger* v. *American Express Co.,* 18 So. 922, and he quoted with approval the language of Chief Justice Ryan in *Croker* v. *Railroad Co.,* 36 Wis. 657, that ''one employing another in good faith to do his lawful work, would as little authorize negligence as malice,'' and that ''either would be equally *de hors* the employment.''

But we need not go beyond our own reports for authority on the master's liability for the servant's tortious acts. In the case of *Little Rock & F. S. Ry. Co.* v. *Miles,* 40 Ark. 323, it was said: ''The rule is firmly established that the master is civilly liable for the tortious acts of his servant, whether of omission or commission, and whether negligent, fraudulent or deceitful, when done in the line of his employment, even though the master did not authorize or know of such acts, or may have disapproved of, or forbidden them. But the act must be done not only while the servant is engaged in his master's service, but it must pertain to the particular duties of that employment.'' Other cases on the subject are *Little Rock & F. S. Ry. Co.* v. *Miles,* 40 Ark. 323; *Sweeden* v. *Improvement Co.,* 93 Ark. 403; *Ward* v. *Young,* 42 Ark. 542; *Tillar* v. *Reynolds,* 96 Ark. 358; *Railway Co.* v. *Hackett,* 58 Ark. 381; *Pine Bluff W. & L. Co.* v. *Schnider,* 62 Ark. 116; *St. Louis, I. M. & S. Ry. Co.* v. *Grant,* 75 Ark. 579.

We think the allegations of the complaint are sufficient to meet the requirements of these cases.

The demurrer also raises the question that the bicycle was not an instrumentality furnished, or required to be furnished, by the appellee to enable its servant to discharge his duties. But the complaint alleges that it was necessary for him to use the bicycle in order for him to expeditiously discharge his duties. It is true the complaint does not allege that the bicycle was owned or furnished by the railroad company. But the ownership of the instrumentality which occasions the injury is not the test of liability. Mr. Labatt, in his work on Master & Servant, vol. 6, § 2282, says: "If the other circumstances involved in a case are consistent with, or require, the inference that the tort complained of was within the scope of the servant's employment, the mere fact that the instrumentality, which occasioned the plaintiff's injury, did not belong to the master, will not preclude him from receiving damages. The action is deemed to be maintainable, or not maintainable, according as his use of the instrumentality was or was not authorized, expressly or impliedly by the master. Such authorization is manifestly a proper inference whenever it is provided by the contract of hiring that the servant is to use, for the purposes of the work, an instrumentality belonging to himself."

See also *Waters* v. *Pioneer Fuel Co.,* 52 Minn. 474; 38 Am. St. Rep. 564; *Cooper Brewing Co.* v. *Huggins,* 96 Ill. 144.

We conclude therefore that the complaint states a cause of action, and that the court below erred in sustaining a demurrer to it. The judgment of the court below is therefore reversed and the cause will be remanded with directions to overrule the demurrer.