VAUGHAN HARDWARE COMPANY *v.* McADOO.

4-5127

Opinion delivered June 20, 1938.

*A. T. Davies*, for appellants.

*Cooper B. Land* and *Chas. W. Mehaffy*, for appellee.

DONHAM, J.  Roy McAdoo, a minor, was struck by a truck being driven by Arthur Rose, on June 17, 1936, in south Hot Springs.  McAdoo brought suit by his father and next friend, E. M. McAdoo, in the Garland circuit court against the said Arthur Rose and Vaughan Hardware Company for the injuries sustained by him.  It was alleged that Rose was in the employ of the hardware company and was acting in the course of his employment making a delivery of merchandise for said company at the time of the alleged injury.

There was a denial by the defendants that Rose was guilty of negligence in driving the truck; and it was also affirmatively alleged that McAdoo was guilty of contributory negligence barring his recovery. It was further contended that, while Rose was in the employ of the hardware company, he had ceased work for the day and was on his way home and was driving his own truck. In other words, it was contended that Rose was not acting in the course of his employment, and that the Vaughan Hardware Company was, therefore, not liable for the injuries sustained by McAdoo. On the other hand, appellee contended that the injury happened because of the negligent manner in which Rose drove the truck; and that the accident happened between 4:30 and 5:00 o'clock in the afternoon, during the working hours of Rose and while he was on duty making a delivery for the hardware company. The issues were tried before a jury, which trial resulted in a verdict for appellee in the sum of $750. Motion for a new trial was filed and overruled by the court and judgment was rendered for the amount of the verdict, from which judgment appellants prayed and were granted an appeal to this court.

While the issues of the alleged negligence of the appellants, the contributory negligence of appellee and the further issue of whether Rose was acting in the course of his employment for the hardware company at the time the accident occurred, were all submitted to the jury, all these issues, except the one as to whether Rose was acting in the course of his employment at the time the accident occurred, have been abandoned on appeal. There is, therefore, but one question for this court to determine and that is the question of whether the appellant, Rose, at the time appellee was struck by the truck being driven by him was acting in the course of his employment for the appellant, Vaughan Hardware Company. In other words, the question is, was the act done by virtue of the employment and in furtherance of the company's business?

The test of an employer's liability for the act of his servant is stated in *Hunter* v. *First State Bank*, 181 Ark.

907, 28 S. W. 2d 712, and in many other cases decided by this court, as follows:

"The test of the liability of the master for his servant's acts is whether the latter was at the time acting within the scope of his employment."

The doctrine of *respondeat superior,* of course, rests upon the proposition that, in doing the acts out of which the accident arose, the servant was representing the master at the time; that is, the acts were being done by virtue of the servant's employment and in furtherance of the employer's business. As stated by counsel for appellants, the question here is, "was the defendant, Arthur Rose, the agent of, or acting within the scope of his duties as an employee of the Vaughan Hardware Company when this accident occurred?"

It was shown that Rose was employed by the Vaughan Hardware Company to drive a truck in making deliveries of merchandise purchased by customers of the company. His quitting time was five o'clock p. m. Rose owned a red colored truck, which he at times used in making the deliveries. The company owned an orange colored truck, which was ordinarily used in making deliveries.

Several witnesses testified as to the time the accident occurred. Those for the appellee testified that it occurred between 4:30 and 5:00 o'clock p. m., this being at a time before Rose's work for the day had ceased. A number of witnesses testified that at the time the accident occurred, Rose was driving the red colored truck and that there was something in the truck, some of the witnesses saying: "It was some great big bulky something." As stated, a number of witnesses testified that on previous occasions they had seen Rose using the red colored truck, hauling pipe, iron sheeting and other materials, making deliveries of same.

Four witnesses testified that within a few minutes following the accident Rose returned to the scene of the accident driving the orange colored truck, this being the company truck; and that he went on out the Higdon road, the inference being that he was going out the road to complete the delivery which he set out to make by the

use of his own truck and which delivery he did not complete, for the reason that at the time of the accident he drove his truck over the sidewalk, colliding with such objects as resulted in damage to his truck to the extent that he was forced to return and get the company truck in order that he might finish the delivery which he had undertaken.

It was contended by Rose that he was on his way home after the day's work had ceased. It was shown by a number of witnesses that if Rose was on his way home he was not taking the shortest nor best route to his home. Rose attempted to explain this by saying that he was taking the longer, rougher and more difficult way by which his home could be reached, "to test his gasoline to see what way a gallon of gas went the farthest." After the accident, according to witnesses for appellee, when Rose returned with the orange colored company truck he continued out the way he had previously started with his own truck.

There was substantial evidence, at least by way of inference, to the effect that Rose was attempting to make a delivery of merchandise for the Vaughan Hardware Company, same being some bulky substance, at the time the accident involved in the instant case occurred. There was also evidence tending to show that he was driving his own truck at the time; but that he had used this truck on numerous occasions, both before and after the accident, in making deliveries for the company, and that immediately after the accident, he returned to the scene of the accident with the company truck and continued out the same road he was traveling when the accident occurred; that this was not the most direct or best route to his home. There was further testimony to the effect that Rose was not permitted to use the company truck for private business affairs; that the company truck was used solely for business purposes.

In determining the sufficiency of the evidence to support the judgment, the evidence must be viewed in the most favorable light to appellee; and we must give thereto its greatest probative value in his favor, together with

every reasonable inference deducible therefrom. When thus viewed, we are unable to say that there is no substantial evidence to support the finding of the jury on the issue of whether appellant, Rose, was acting within the course of his employment for the appellant, Vaughan Hardware Company, at the time his truck struck and injured appellee. It follows from what we have said that the judgment must be affirmed. It is so ordered.