## RUTHERFORD v. UNITED STATES.
### Civ. No. 955.

District Court, E. D. Tennessee, N. D.
June 19, 1947.

Poore, Kramer, Cox & Overton, and Charles H. Davis, all of Knoxville, Tenn., for plaintiff.

James B. Frazier, Jr., U. S. Atty., of Knoxville, Tenn., for defendant.

TAYLOR, District Judge.

This action is before the Court on defendant's motion for the entry of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The defendant's motion is based upon the pleadings on file in the action and the affidavit of Raymond J. Wininger, attached to the defendant's motion as an exhibit. No counter affidavit was produced by the plaintiff.

The question for decision by the Court upon defendant's motion is whether Wininger, the U. S. Naval petty officer at the time of the automobile accident upon which this action has been commended, was "acting within the scope of his office or employment" as required by the Federal Tort Claims Act, Act of Aug. 2, 1946, .c. 753, Title IV, Sec. 410, 60 Stat. 844, 28 U.S.C.A. § 931.

Wininger's affidavit states in substance: that at the time of the accident Wininger was Chief Boatswain's Mate, U. S. Navy, retired, on active duty attached to U. S. Naval Recruiting Station at Nashville, Tennessee, and on detached duty in charge of the Recruiting Station at Knoxville, Tennessee; that Wininger was receiving pay and a maintenance and quarters allowance from the U. S. Navy; that Wininger was in charge. of recruiting activities for the Navy in 19 upper East Tennessee counties, including Knox County in which the accident occurred; that shortly before 10 o'clock in the forenoon of Sunday, March 31, 1946, Wininger had gone to the broadcasting station of radio station WROL in Knoxville, Tennessee, with others, for the purpose of broadcasting a Navy recruiting and reserve program over that station; that the program was broadcast between 10:10 and 10:20 A.M., on that date; that after the broadcast Wininger proceeded to his automobile which was parked near the old Post Office in Knoxville, Tennessee; that Wininger proceeded and drove his automobile from its parking place toward his home,. 505 Jacksboro Pike, Fountain City, Tennessee; that Wininger was alone in the automobile and was not engaged in any activity relating to recruiting; that Wininger's purpose in driving his automobile was to go to his home to remain there with his family during Sunday; that the automobile which Wininger was driving was his own private and personal property and did not belong to the United States, and was. used exclusively for private and personal purposes of himself and his family; that in connection with his recruiting duties Wininger was furnished and provided with a Government-owned station wagon which was used in that connection; that Wininger at the time of the accident was not engaged in the performance of any duty assigned to him by his superiors in the Navy.

The Federal Tort Claims Act, Act of Aug. 2, 1946, c. 753, Title IV, Sec. 402, 60 Stat. 842, 28 U.S.C.A. § 941, enacts:

"As used in this chapter, the term—

\*　　\*　　\*　　\*　　\*　　\*

"(c) 'Acting within the scope of his office or employment', in the case of a member of the military or naval forces of the United States, means acting in line of duty."

Concededly Wininger was a member of the naval forces. So then the question is whether he was acting in the line of duty.

While broadcasting the program, Wininger was performing a general duty assigned to him by his superiors. Upon the completion of the broadcast, his duty was finished. Thereafter he was on his own. In traveling to his home, neither was he performing any special duty assigned, nor was. he performing any general duty imposed by his superiors. He was using his own private automobile for his own private purpose.

It is the opinion of the Court therefore that Wininger was not acting in the line of duty when the accident occurred within the

purview and meaning of the Federal Tort Claims Act.

Consequently it follows that Wininger at the time of the accident was not acting within the scope of his office or employment.

For the reason stated, the defendant's motion for summary judgment is sustained, and this action will be dismissed on the merits at the cost of the plaintiff.

Let an appropriate order for summary judgment be prepared and submitted for approval for entry.