O. Briscoe RUTHERFORD, Appellant, v.
UNITED STATES of America,
Appellee.
No. 10542.

Circuit Court of Appeals, Sixth Circuit.
April 14, 1948.

Charles H. Davis and Poore, Kramer, Cox & Overton, all of Knoxville, Tenn., for appellant.

J. B. Frazier, Jr., of Knoxville, Tenn., for appellee.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

PER CURIAM.

This cause came on to be heard on the record and on the briefs and arguments of attorneys for the contending parties, and it appearing that, for the reasons stated in his memorandum opinion, 73 F.Supp. 867, the district judge correctly decided that, at the time of the automobile accident upon which the instant action was grounded, the United States Naval Petty Officer was not "acting within the scope of his office or employment" as required by the Federal Tort Claims Act, Act of Aug. 2, 1946, c. 753, Title IV, § 410, 60 Stat. 844, 28 U.S.C.A. § 931, the summary judgment dismissing the case is affirmed.

NEW YORK LIFE INSURANCE CO. v. Max
SCHUCHALTER, Appellant, and Dora
Schuchalter, Appellee.
No. 9564.

Circuit Court of Appeals, Third Circuit.
Argued April 23, 1948.
Decided April 30, 1948.

C. Dudley Saul, Jr., of Philadelphia, Pa. (Irving J. Katz, of Philadelphia, Pa., on the brief), for appellant.

Blanc, Steinberg & Balder and Harry W. Steinbrook, all of Philadelphia, Pa., for appellee.

Before GOODRICH and KALODNER, Circuit Judges, and FEE, District Judge.

PER CURIAM.

This suit, brought under the Interpleader Statute,[1] raises the question of which of two persons is entitled to the proceeds of a life insurance policy. The questions involved are wholly factual and the Court thinks it clear that the findings of fact of the Trial Court are supported by the evidence.

The judgment will, therefore, be affirmed.

[1] 49 Stat. 1096, Act Jan. 20, 1936, 28 U.S.C.A. § 41(26).