## BACH et al. v. UNITED STATES.

United States District Court
S. D. New York.
Sept. 13, 1950.

Friedman & Friedman, New York City, for plaintiffs.

Irving H. Saypol, United States Atty., New York City, for defendant.

NOONAN, District Judge.

This is a motion for summary judgment. The plaintiffs instituted this action against the Government under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., to recover damages for personal injuries sustained, as a result of the alleged negligence of Ensign Richard Hull of the United States Navy.

For the purpose of this motion, made by the Government for summary judgment dismissing the complaint, the parties have stipulated the following facts:

1. In January 1947, Richard Hull was an Ensign in the United States Navy, and was assigned to duty as Security Officer at Special Devices Center, Office of Naval Research, Sands Point, Port Washington, Long Island, New York.

2. Pursuant to the standing orders of this Naval Center relating to tours of duty, Ensign Richard Hull was on a weekend leave, under no particular orders, which is commonly referred to as an off duty status, from 4:30 p. m. on Friday, January 3, 1947, until 8:00 a. m. on Monday, January 6, 1947. Accordingly, Ensign Richard Hull was at liberty to go and do as he pleased during this period.

3. During this weekend leave, Ensign Richard Hull went to visit his wife in Philadelphia, Pennsylvania.

4. On Sunday afternoon, January 5, 1947, at which time it was snowing, Ensign Richard Hull left his wife in Philadelphia to return to Sands Point, Long Island, weather permitting.

5. Ensign Richard Hull, when at Sands Point, Long Island, resided at the Bachelor Officers' Quarters, which quarters were outside the grounds of the Sands Point Naval Station.

6. At about 7 p. m. on Sunday, January 5, 1947, while proceeding, alone, in his own private automobile, en route from Philadelphia to New York, Ensign Richard Hull became involved in an accident which forms the basis of this action. A collision occurred between Ensign Hull's automobile and the automobile operated by the plaintiff, William Bach, in which latter automobile Kitty Bach and Albert H. Bach were passengers. This collision occurred on a public highway known as Route 25, in the vicinity of Cranberry, New Jersey.

The sole issue before the court on this motion is whether this action is maintainable against the Government under the provisions of the Federal Tort Claims Act.

The statute applicable, 28 U.S.C.A. § 931 (a), now § 1346(b), provides in part: "Subject to the provisions of this chapter, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, * * * shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, * * * on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment,* under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this title, the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent, as a private individual under like circumstances, except that the United States shall not be liable for interest prior to judgment, or for punitive damages * * *." 28 U.S.C.A. § 931(a). (Italics supplied.)

28 U.S.C.A. § 941(c), now § 2671, provides in part: " 'Acting within the scope of his office or employment', in the case of a member of the military or naval forces of the United States, means acting in line of duty."

■ Thus, since the incident which gave rise to this claim arose in New Jersey, we must look to the law of that state to determine the liability of a master-employer for the negligence of a servant-employee. In Blackman v. Atlantic City & S. R. Coal Co., 126 N.J.L. 458, 19 A.2d 807, it was held that if the act of the employee which resulted in injury to a third person was an act done within the scope of his employment and for the benefit of the employer, the latter must answer for the harm. Previous judicial constructions of the Federal Tort Claims Act in cases involving service personnel have evolved a similar principle.

In United States v. Eleazer, 4 Cir., 177 F.2d 914, a Marine officer was transferred from a base in North Carolina to one in Texas. He was granted a 15 day delay en route. Permission was given to travel in his own car for which he would be reimbursed at a definite mileage rate. After leaving the base in North Carolina, his au-

tomobile collided with another. Suit was brought under this act against the United States. The Court of Appeals, 177 F.2d at page 916, said: "When he chose to drive his own car, instead of availing himself of commercial transportation, he was acting in furtherance of his own purposes, not those of the government; and his action in driving the car cannot reasonably be said to have been action taken within the scope of his employment or office."

In Rutherford v. United States, 6 Cir., 73 F.Supp. 867, affirmed 168 F.2d 70, a naval petty officer was assigned to recruiting duty. He participated in a radio program designed to aid the Navy Recruiting program. Upon leaving the program, he started for his home in his own automobile. En route, he became involved in an automobile accident. The court, in granting summary judgment, considered whether he was acting in line of duty and, 73 F.Supp. at page 868, said:

"While broadcasting the program, Wininger was performing a general duty assigned to him by his superiors. Upon the completion of the broadcast, his duty was finished. Thereafter he was on his own. In traveling to his home, neither was he performing any special duty assigned, nor was he performing any general duty imposed by his superiors. He was using his own private automobile for his own private purpose.

"It is the opinion of the Court therefore that Wininger was not acting in the line of duty when the accident occurred within the purview and meaning of the Federal Tort Claims Act.

"Consequently it follows that Wininger at the time of the accident was not acting within the scope of his office or employment."

In the instant case, Ensign Hull was on a weekend leave. His trip to Philadelphia was not within the scope of his office or employment. The purpose of the trip was personal. The trip was for his own benefit and the means and mode of operation were subject to his control, and to that of no one else. Clearly Ensign Hull, in visiting his home in Philadelphia, was not performing any special or general duties assigned or imposed by his superiors.

The government, by the enactment of the Federal Tort Claims Act, has not consented to be sued or to be liable for injuries caused by the negligent acts of its employees acting in and for their own personal and private enterprises. Hubsch v. United States, 5 Cir., 174 F.2d 7.

The court realizes that the term "in line of duty" has traditionally been accorded a much broader interpretation than "acting within the scope of his office or employment". Thus it might appear, prima facie, that in enacting Sec. 2671 supra, the Congress, in so defining the scope of employment of members of the armed services, intended an equally liberal application.

However, this question is resolved by a reference to the latter part of Sec. 931(a), now 28 U.S.C.A. §§ 1346(b), 2674, quoted supra, wherein the liability of the United States is expressly limited to those circumstances where, if a private person, it would be liable to a third person in accordance with the law of the State where the injury occurred.

Therefore, defendant's motion for summary judgment is granted.