**Melburn Erwin NOE**

v.

**The UNITED STATES of America.**

Civ. A. No. 2738.

United States District Court
E. D. Tennessee, N. D.

Dec. 20, 1956.

Jenkins & Jenkins, Knoxville, Tenn., for plaintiff.

John C. Crawford, Jr., U. S. Dist. Atty., Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Defendant has moved for summary judgment and filed Exhibits "A" and "B" in support of the two separate grounds advanced as reasons why the motion should be sustained and the action dismissed. The exhibits are photostatic copies which include official transfer orders, death certificate of serviceman Widener, various other orders and reports and a line of duty investigation, all certified as true copies under the seal of the Department of the Air Force. From so much of said documents as are admissible in evidence, from the complaint and positions assumed by counsel in arguments heard on the motion, facts contained in this memorandum are found.

This is an action brought under the Federal Tort Claims Act, 28 U.S.C. § 1346, to recover damages for injuries sustained by plaintiff in a highway accident in Florida, when his automobile was struck by an automobile owned and negligently operated by James Thomas Widener, a serviceman in the United States Air Force. At the time of the accident, Widener, who was killed in the accident, was in the dual status of transfer and leave. He had received orders to transfer from his station at Miami, Florida, to the designated station at Charleston, South Carolina. The orders included provision for three days of travel time and three days of delay en route, otherwise designated as leave time. He was authorized to travel by air, by train or bus, or by use of his personally owned automobile. He chose the last named method of travel.

Widener left Miami July 14, 1953, and was due at his Charleston post on July

20, 1953. The aforementioned accident occurred on July 14, the day he left Miami.

Urged as the first ground in support of the motion is defendant's conclusion that Widener was not acting within the scope of his duties as a serviceman at the time of the accident. The second is, that if there was liability under the rule of respondeat superior defendant was released from that liability by settlement and release between plaintiff and the administrator of Widener's estate, for the reason that release of the servant who committed the tort releases the master who was liable only vicariously.

In disposing of the motion, the Court does not reach the second ground, the first, in the Court's opinion, being sufficient and decisive. It is apparent that a serviceman on leave has a dual status, one with relation to service, the other with relation to third parties. While leave does not sever his service connection, it does temporarily interrupt his military duties. With the significance of his leave in the former sense, the Court is not concerned. His relation to third parties, that is, to members of the general public, presents the problem of the case.

■ As to such parties, he has while on leave an individual, independent status. His torts are his own, not those of the United States. This is for the reason that while he is on leave he is not "acting within the scope of his office or employment," as required by the Federal Tort Claims Act. 28 U.S.C. § 1346(b); Rutherford v. U. S., D.C.N.D., Tenn., 73 F.Supp. 867, affirmed 6 Cir., 168 F.2d 70. See, also, Christian v. United States, 6 Cir., 184 F.2d 523; United States v. Eleazer, 4 Cir., 177 F.2d 914.

■ The law of Florida, if it had any bearing on the case, would not require a holding of liability. Aside from the Florida statute which imposes liability upon the owner of a motor vehicle involved in an accident, no Florida rule imposes liability where there is neither such ownership nor the master and servant relation. The reason this result is excluded is not hard to find. Under the Act, the United States fixes the limits of its liability, the primary limit being that liability which arises from the relation of master and servant. If that relationship does not exist, the United States has excluded liability by withholding its consent to be liable. Hubsch v. United States, 5 Cir., 174 F.2d 7.

For the reason that James Thomas Widener was not acting within the scope of his office or employment at the time of the accident, the Court is without jurisdiction to impose liability upon the United States under any rule of law applied by Florida in its own courts. Summary judgment of dismissal is the indicated result.

Let an appropriate order be prepared.