**Verlon S. CALVARY, widow of Billy H. Calvary, Deceased, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. C-72-161.**

United States District Court, W. D. Tennessee, W. D.

Jan. 2, 1973.

James C. Blackburn, Memphis, Tenn., for all plaintiffs.

Callis L. Childs, Asst. U. S. Atty., J. N. Raines, Asst. U. S. Atty., Memphis, Tenn., for defendant.

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

WELLFORD, District Judge.

This action was brought by plaintiffs for the alleged wrongful death of Billy H. Calvary and damages to the tractor-

trailer unit in which he was travelling, all of which was allegedly caused by the negligence of defendant's employee, Raymond G. Thompson, a Private First Class in the United States Army. Jurisdiction is invoked pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346. The United States has moved for summary judgment on the basis that "Raymond G. Thompson was on official military leave", "was not acting in the regular course of his employment in the United States Army," and, therefore, was not "acting as the United States' agent, employee or servant within the meaning of the Federal Tort Claims Act".

■ Although 28 U.S.C. § 1346 allows an individual to bring an action against the United States for wrongful death or damages caused by an employee of the United States, that section limits the right to those instances where the employee caused such injuries:

"While acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

The phrase "while acting within the scope of his office or employment" is defined as "acting in [the] line of duty" insofar as it is applied to members of the military or naval forces of the United States. 28 U.S.C. § 2671. However, the words "line of duty" within § 2671 go no further than to invoke the state law of respondeat superior with respect to tort claims arising out of alleged wrongful acts of military personnel. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); Bissell v. McElligott, 369 F.2d 115 (8th Cir. 1966), cert. denied, 387 U.S. 917, 87 S. Ct. 2020, 18 L.Ed.2d 969 (1966). Thus, in determining whether the serviceman involved here was acting "within the scope of his office or employment", we must apply the state law of respondeat

superior and decide the case as we conclude the state supreme court would decide the question.

The accident with which we are concerned here occurred in Arkansas. We, therefore, apply Arkansas law, and more particularly the Arkansas law of respondeat superior, in deciding this case. See Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1961); Glick v. Ballentine Produce, Inc., 343 F. 2d 839 (8th Cir. 1965), cert. denied, 382 U.S. 891, 86 S.Ct. 184, 15 L.Ed.2d 149 (1965); McGinty v. Ballentine Produce, Inc., 241 Ark. 533, 408 S.W.2d 891 (1966).

On May 7, 1970, Pfc. Thompson, who was then stationed at Fort Hood, Texas, was reassigned to Fort Jackson, South Carolina prior to being shipped overseas. Thompson was ordered to report to Fort Jackson on June 8, 1970, and was authorized to take "30 days delay enroute authorized as leave providing it does not interfere with [the] reporting date". On May 12, 1970, five days after receiving his reassignment orders, Pfc. Thompson was enroute to his home in Ridgewood, New York, his leave address, where he intended to dispose of certain of his personal possessions and apparently intended to spend at least part of his leave. On May 12, 1970, Thompson became involved in an automobile accident near Forest City, Arkansas, which took his life and that of plaintiff's husband. It is admitted and uncontroverted that Thompson was on leave at the time of the accident, that he was enroute to his home for personal reasons, and that he was driving his personal automobile. On these facts, this Court must decide whether Thompson was acting within the scope of his "employment". Plaintiffs argue that since Thompson was travelling in a northeasterly direction towards his home in New York, he was also serving the dual government purposes of travelling towards South Carolina as directed and disposing of his personal belongings that the Army would not allow him to take overseas. Defend-

ant asserts that respondeat superior under Arkansas law would not hold the government liable as Thompson's "employer".

There does not appear to be an Arkansas case directly controlling on similar facts to the instant case. However, plaintiffs and the government agree with the general statements on the Arkansas law of respondeat superior as expressed in United Transport v. Wilson, 228 Ark. 1058, 312 S.W.2d 191 (1958), where it was said:

> "The act of the servant for which the master is liable must pertain to something that is incident to the employment for which he is hired, and which it is his duty to perform, or be for the benefit of the master. It is therefore necessary to see in each particular case what was the object, purpose, and end of the employment, and what was the object and purpose of the servant in doing that act complained of. The mere fact that he was in the service generally of the master . . . would not make the act attributable to the master. The act must have been done in the execution of the service for which he was engaged. And if the servant steps aside from the master's business to do an independent act of his own and not connected with his master's business, then the relation of master and servant is for such time, however short, suspended; and the servant, while thus acting for a purpose exclusively his own, is a stranger to his master, for whose acts he is not liable."

228 Ark. at 1060–1061, 312 S.W.2d at 192. The object, purpose and end of Thompson's employment was to perform the act of soldiering and all the functions and duties involved and directly related thereto. The difficult question in this case is to determine the object and purpose of Thompson while driving through Arkansas on May 12, 1970, as it related to his military duties.

■ Thompson was not altogether on official government business at the moment of collision, yet he was not on a purely personal lark. While he was still a government employee, he was on leave, the military equivalent of a vacation. The picture is further clouded, moreover, by the fact that he was expected, during the same period of time, to transport himself from Texas to his new post in South Carolina. Thompson would probably have been within the scope of his employment had he been travelling directly from one duty station to another without the benefit of leave. Such was not the case here, however, for Thompson was granted leave and additional personal time in which to accomplish his move. Furthermore, plaintiffs admit that Thompson had departed from Ft. Hood with the stated purpose and intent of driving home to New York, not to his new duty station. While not dispositive of the issue, Thompson's stated intent must be considered as an element in determining the character of his act at the time of the accident. Robinson v. St. Louis, I. M. & S. Ry., 111 Ark. 208, 163 S.W. 500 (1914). This admission of Thompson's intended destination distinguishes this case from Conway v. Hudspeth, 229 Ark. 735, 318 S.W.2d 137 (1958), wherein the Arkansas Supreme Court held that where the route which an employee was travelling led both to the object of his personal mission and to his employer's second place of business, it was for the jury to say which destination he had in mind when he began the trip. Here we have no jury question as regards the employee's intended destination.

■ There is additional evidence that Thompson was acting beyond the scope of his employment. In departing from Ft. Hood and driving northeast through Arkansas, Thompson deviated from the most direct route to Columbia, South Carolina and was, instead, on a route directed toward New York. Thompson had stepped aside to some degree from strictly government business, and was driving home to New York on his own time and for personal purposes. In Vaughn Hardware Co. v. McAdoo, 196

Ark. 471, 118 S.W.2d 280 (1938), an employee had ceased work for the day and was driving home in his own truck when he hit and injured a third party. The Arkansas Supreme Court held that he was outside the scope of his employment and said that:

> "The doctrine of respondeat superior, of course, rests upon the proposition that, in doing the act out of which the accident arose, the servant was representing the master at the time. That is, the acts were being done by virtue of the servant's employment and in furtherance of the employer's business." 118 S.W.2d at 281.

We conclude that Thompson was pursuing his own purposes and was not acting in furtherance of the employer's business under all the circumstances and the applicable law. Under the Arkansas law of respondeat superior as applied to the facts before this Court and as we interpret it, Thompson was not acting within the scope of his employment.

As we have previously stated, the result which we reach today is based on our interpretation of the applicable Arkansas law. A number of other federal courts have considered this and similar problems and applied the laws of the states wherein those federal courts were located. We believe that our decision is in conformity to the better reasoned of those federal cases which have dealt with this question, holding that the United States was not liable under respondeat superior for an accident involving military personnel on leave status. See Bissell v. McElligott, *supra*; United States v. Eleazer, 177 F.2d 914 (4th Cir. 1949), cert. denied, 339 U.S. 903, 70 S. Ct. 517, 94 L.Ed. 1333 (1950); Noe v. United States, 136 F.Supp. 639 (E.D. Tenn.1956); cf. Provost v. Smith, 308 F.Supp. 1175 (E.D.Tenn.1969); Kunkler v. United States, 295 F.2d 370 (5th Cir. 1961). Contra, see Hinson v. United States, 257 F.2d 178 (5th Cir. 1958); United States v. Kennedy, 230 F.2d 674 (9th Cir. 1956); Platis v. United States,

288 F.Supp. 254 (D.Utah, 1968); Solow v. United States, 282 F.Supp. 900 (E.D. Pa., 1968); O'Brien v. United States, 236 F.Supp. 792 (D.Maine, 1964).

For the reasons herein set forth, it is Ordered that defendant's Motion for Summary Judgment be and the same is hereby granted.