The MASON AND DIXON LINES, etc., Plaintiff,

v.

Bailey M. SHORE et al., Defendants.

No. CIV-2-74-49.

United States District Court,
E.D. Tennessee,
Northeastern Division.

Feb. 5, 1975.

Edwin L. Treadway, Kingsport, Tenn., for plaintiff.

Fred H. Cagle, Jr., Knoxville, Tenn., for defendants.

Ignazio J. Ruvolo, Trial Atty., U. S. Dept. of Justice, Washington, D. C., for United States.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an action by the plaintiff for money damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., 1346(b). The plaintiff claims that the United States is liable to it for the loss of property caused by the negligent operation of his automobile by Mr. Bailey M. Shore, on April 19, 1972, when he was a member of the Air Force of the United States, acting in the line of duty, under circumstances where the United States, if a private person, would be liable to it in accordance with the law of Tennessee.

The defendant Mr. Shore moved for a summary judgment. Rule 56(b), Federal Rules of Civil Procedure. He contended that the United States must, under the aforecited statute, bear any liability he has incurred herein. His codefendant the United States of America contended that Mr. Shore was acting without the scope of his office or employment and not in the line of duty at the pertinent times, and that it is not liable to the plaintiff for his negligent acts.

The undisputed facts are:

Mr. Shore was a noncommissioned officer of the Air Force. He was formerly stationed in San Vito, Italy. He was reassigned to permanent duty in San Antonio, Texas. He was allotted six days of travel time after passing through his port of entry in which to effectuate the transfer and also was given advance leave of 30 days within the same period. His orders permitted him to select any mode of transportation from his former to his new duty station, including the use of his private automobile.

Mr. Shore reentered the continental United States at New York, N. Y. He took his family on March 29, 1972 from such port of entry to his home in Massachusetts. He remained in Massachusetts for 20 days. He will testify that on April 18, 1972, he "terminated" his leave and returned to his port of entry. He did not communicate to the Air Force the fact that he had gone-off leave status and assumed travel status. There, his separately-transported personal automobile was delivered to him. On the same day, he began in such automobile the final leg of his journey to San Antonio. He was taking what was represented to him as the best direct route from New York thereto. He stopped overnight in Virginia on the first day of his trip. On the following morning, he resumed his journey to Texas and was involved in a motor vehicular accident in Tennessee. Mr. Shore arrived in San Antonio on the evening of April 20, 1972. After reporting at his new station of duty, Mr. Shore's absence with leave was computed by the Air Force as the 19-day period between March 28–April 14, 1972.

■ The aforementioned accident having occurred in Tennessee, this action is controlled by the Tennessee doctrine of respondeat superior. *Williams v. United States* (1955), 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761. It has been said that " * * * the doctrine of respondeat superior applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged with the injury resulting from the wrong at the time and in respect of the very transaction out of which the injury arose, and the mere fact that the driver of the automobile was the defendants' servant will not make the defendant liable. It must be further shown that at the time of the accident the driver was on the master's business, and acting within the scope of his employment. * * * " *Goodman v. Wilson* (1914), 129 Tenn. 464, 467–468(2), 166 S.W. 752, *accord: Frazier v. United States,* C.A. 6th (1969), 412 F.2d 22, 24–25[5, 6].

As has been decided by this Court:

\* \* \* \* \* \*

* * * It is apparent that a serviceman on leave has a dual status, one with relation to service, the other with relation to third parties. While leave does not sever his service connection, it does temporarily interrupt his military duties. * * *

* * * As to such [third] parties, he has while on leave an individual, independent status. His torts are his own, not those of the United States. This is for the reason that while he is on leave he is not "acting within the scope of his office or employment," as required by the Federal Tort Claims Act. * * *; *Rutherford v. U. S.,* D.C.N.D., Tenn., 73 F.Supp. 867, affirmed 6 Cir., 168 F.2d 70. See, also, *Christian v. United States,* 6 Cir., 184 F.2d 523; *United States v. Eleazer,* 4 Cir., 177 F.2d 914.

\* \* \* \* \* \*

* * * Under the Act, the United States fixes the limits of its liability, the primary limit being that liability which arises from the relation of master and servant. If that relationship does not exist, the United States has excluded liability by withholding its consent to be liable. *Hubsch v. United States,* 5 Cir., 174 F.2d 7.

\* \* \* \* \* \*

*Noe v. United States,* D.C.Tenn. (1956), 136 F.Supp. 639, 640[1], [2]; *accord:* * *Calvary v. United States,* D.C.Tenn. (1973), 355 F.Supp. 805; *McGarrh v. United States,* D.C.Miss. (1969), 294 F.Supp. 669; *Kimball v. United States,* D.C.N.J. (1967), 262 F.Supp. 509.

■ This Court is of the opinion that under the uncontroverted facts presented, at the pertinent times, Mr. Shore was not subject to the control of the Air Force within the purview of the rule of respondeat superior of Tennessee. The crux of that rule is the right in the master of control. *Goodman v. Wilson, supra,* 129 Tenn. at 468, 166 S.W. 752. It is patent that at the time of Mr. Shore's involvement in this accident, his superiors in the Air Force were not aware that he had made the subjective decision to terminate his leave status. Leave is a favor extended a serviceman for a certain time, *Ex Parte Roach,* D.C. Ala. (1917), 244 F. 625, 628[3], for the sole accommodation of the recipient to permit enjoyment of a respite from duty in the armed services, *Hunt v. United States* (1903), 38 Ct.Cl. 704; *Foster v. United States* (1908), 43 Ct.Cl. 170. If those superiors did not know he had returned himself prematurely to travel status, they could hardly have exercised while he was traveling their right to control his activities.

■ Although Mr. Shore had been ordered to report to a new post of duty within 36 days from the date of his return to the continental United States and had been directed to travel there at government expense, the only actual interest of the United States therein was that Mr. Shore report for resumption of his military duty by the appointed time. When he chose to drive his own car from New York to San Antonio, instead of availing himself of the use of some form of commercial transportation, so that he could utilize his automobile for his own personal enjoyment at his new duty station, he was acting in furtherance of his own purposes and not that of the United

States. *Cf. United States v. Eleazer,* C.A. 4th (1949), 177 F.2d 914, 916–917[1], [2], [3], certiorari denied (1950), 339 U. S. 903, 70 S.Ct. 517, 94 L.Ed. 1333, cited in *United States v. Sharpe,* C.A. 4th (1951), 189 F.2d 239, 240[1].

In *Sharpe, supra,* a soldier had been ordered to move from one station to another and was given permission to drive his own automobile. His only instruction was to report at his new station on a certain date. The late Chief Circuit Judge Parker stated:

\* \* \* \* \* \*

\* \* \* It is perfectly clear from the evidence that, in operating the automobile, Sergeant Thompson was acting, not within the scope of his office or employment as a sergeant in the army, but for his own use and benefit and subject to the control of no one but himself. \* \* \* The fact that he was going to Eglin Field where it was his duty to report at a certain time does not impose liability on the government, for he had undertaken to get there on his own responsibility and the operation of the automobile was undertaken on that responsibility, not as an activity of the government. \* \* \*

*Ibid.,* 189 F.2d at 240.

Further, in electing to report for active duty earlier than required and not "borrow" all of the advance leave-time granted him, Mr. Shore was acting in furtherance of his own purposes and not that of the United States. Therefore, Mr. Shore's action, in driving his automobile and reporting for duty before his leave status had expired, cannot reasonably be said to have been action taken " \* \* \* within the scope of his office or employment (in line of duty), under circumstances where the United States, if a private person, would be liable to the [plaintiff] in accordance with the law of [Tennessee] \* \* \* ". 28 U.S.C. § 1346(b).

* In each of the accordant decisions, *Noe, supra,* was cited.

The defendant Mr. Shore's motion for a summary judgment, accordingly, hereby is DENIED. The Court will entertain any motion interposed within a reasonable time by the defendant United States of America for a summary judgment. If the plaintiff seeks to invoke the diversity jurisdiction of this Court, as between itself and the defendant Mr. Shore, 28 U.S.C. § 1332(a)(1),(c), it may now amend its defective allegations of jurisdiction. 28 U.S.C. § 1654.